THE STATE, EX REL. PARKER, APPELLANT, *v.* COURT OF
COMMON PLEAS OF CUYAHOGA COUNTY ET AL., APPELLEES.

[Cite as State, ex rel. Parker, v. Court (1980),
61 Ohio St. 2d 351.]

(No. 79-1347—Decided March 26, 1980.)

*Messrs. Blakely, Dean, Wilson & Klingenberg* and *Lynn
Schleusener,* for appellant.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Patrick F. Roche,* for appellees.

*Per Curiam.* Prohibition will not issue against respondent prosecuting attorney since he is not seeking to exercise judicial or quasi-judicial power. See *State, ex rel. Lehmann,* v. *Cmich* (1970), 23 Ohio St. 2d 11, for the conditions which must exist to support the issuance of a writ of prohibition.

Disposition relative to respondent Court of Common Pleas is governed by our recent decisions in *State, ex rel. Adler,* v. *Court* (1980), 61 Ohio St. 2d 1, and *State, ex rel. Wall,* v. *Grossman* (1980), 61 Ohio St. 2d 4. Here, as in those cases, respondent court has jurisdiction to hear the pending case sought to be prohibited. As we stated in *Adler,* at page 3, "[t]he action of respondent in denying relator's motion to dismiss the indictment, even assuming, *arguendo,* that it may be erroneous, does not constitute the unauthorized usurpation of judicial power." Relator has an adequate remedy at law by way of appeal.

For reason of the foregoing, the judgment of the Court of Appeals dismissing the complaint in prohibition is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.