CHRISTENSEN ET AL. *v.* BOARD OF COMMISSIONERS ON GRIEVANCES AND DISCIPLINE OF THE SUPREME COURT OF OHIO ET AL.

[Cite as *Christensen v. Bd. of Commrs. on Grievances and Discipline* (1991), 61 Ohio St.3d 534.]

(No. 90–1932—Submitted April 23, 1991—Decided August 28, 1991.)

*David Goldberger, Moots, Cope, Stanton & Kizer* and *Benson A. Wolman,* for relators.

*Lee I. Fisher,* Attorney General, *Loren L. Braverman, Andrew I. Sutter* and *Shawn H. Nau,* for respondents.

*Per Curiam.* We deny the writ without reaching the constitutional question. "Constitutional questions will not be decided until the necessity for a decision arises on the record before the court." *State, ex rel. Herbert, v. Ferguson* (1944), 142 Ohio St. 496, 27 O.O. 415, 52 N.E.2d 980, paragraph two of the syllabus.

"In order for a writ of prohibition to lie, the following three requirements must be satisfied: '(1) the officer against whom it is sought is about to exercise judicial or quasi-judicial power; (2) the exercise of such power is unauthorized by law; and (3) it will result in injury for which no other adequate remedy exists.' * * * " *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 29, 6 OBR 50, 51, 451 N.E.2d 225, 227, certiorari denied (1983), 464 U.S. 1017, 104 S.Ct. 548, 78 L.Ed.2d 723.

Gov. Bar R. V(5)(a) requires respondent Disciplinary Counsel to investigate allegations of misconduct by lawyers and judges and permits him to file a formal complaint whenever he has probable cause to believe the misconduct occurred. Thus, the Disciplinary Counsel's powers are quasi-prosecutorial, not quasi-judicial, and he is not subject to a writ of prohibition. *State, ex rel. Parker, v. Cuyahoga Cty. Court of Common Pleas* (1980), 61 Ohio St.2d 351, 15 O.O.3d 435, 402 N.E.2d 508.

Gov. Bar R. V(2)(a) requires, in part, the respondent Board of Commissioners on Grievances and Discipline to:

" * * * receive, entertain, inquire into, take evidence, preserve the record, make findings and submit recommendations to the Supreme Court * * * concerning complaints of misconduct * * * which are alleged to have been committed by a judge * * * [or] attorney and counselor at law * * *."

Its duties are clearly quasi-judicial. However, for the writ of prohibition to issue, the board must be "about to exercise * * * quasi-judicial power * * *." We have held that " * * * this court will only prohibit a court from proceeding where there is a case pending before that particular court." *Commercial Savings Bank v. Wyandot Cty. Court of Common Pleas* (1988), 35 Ohio St.3d 192, 194, 519 N.E.2d 647, 649. Here, no case is pending before the board; hence, the board is not "about to exercise * * * quasi-judicial power," as defined in *Commercial Savings Bank.*

Moreover, even if we were to concede this issue to relators, prohibition would still not be a proper remedy. In *State, ex rel. Crebs, v. Wayne Cty. Court of Common Pleas* (1974), 38 Ohio St.2d 51, 67 O.O.2d 61, 309 N.E.2d 926, a municipal councilman whose removal from office was being sought under statutory procedures sought a writ of prohibition in the court of appeals to prevent the court of common pleas from hearing the removal action. He contended that the removal statutes were unconstitutional. The court of appeals dismissed the complaint, stating:

" 'Prohibition is not available to determine the constitutionality of a statute or ordinance, where the relator has, as he does here, an adequate remedy at law by way of appeal. Prohibition will not be granted, in advance of a trial, to test constitutionality, where the inferior court has jurisdiction independent of

the statute in question, and may itself determine jurisdiction, and its decision is then subject to review on appeal.' * * * " *Id.* at 51, 67 O.O.2d at 61, 309 N.E.2d at 927.

We affirmed on appeal, holding:

" * * * [T]he unconstitutionality of a statute does not deprive a court of the initial jurisdiction to proceed according to its terms. Appellant has other remedies in the ordinary course of the law and by way of appeal." *Id.* at 52, 67 O.O.2d at 61, 309 N.E.2d at 927, approved and followed in *State, ex rel. Heimann, v. George* (1976), 45 Ohio St.2d 231, 74 O.O.2d 376, 344 N.E.2d 130.

We have reached the same result where relators, defendants in criminal actions, have sought prohibition to restrain prosecution, contending the statutes they were charged with violating were unconstitutional. See *State, ex rel. Heine, v. Busher* (1956), 164 Ohio St. 519, 58 O.O. 386, 132 N.E.2d 459, and *Reiss v. Columbus Municipal Ct.* (1957), 166 Ohio St. 178, 1 O.O.2d 463, 140 N.E.2d 787.

If relator Christensen were charged with misconduct for violating Canon 7(B)(1)(c) and the board found misconduct and recommended a disciplinary sanction, this court would then decide the issue. See Gov. Bar R. V(22)(a). This disciplinary procedure is the equivalent of appeal in the aforementioned cases and is an adequate remedy at law.

Moreover, Christensen need not expose himself to disciplinary sanctions in order to test the constitutionality of Canon 7(B)(1)(c). R.C. 2721.02 and 2721.06 permit him to seek a declaratory judgment. Although only this court may make rules governing the conduct of judges and attorneys, it does not follow, as argued by relators, that only we may determine their constitutionality. Rules adopted by this court in an administrative capacity must comply with the state and federal constitutions like any other rules and may be tested in any court of competent jurisdiction. In this case, relators are, in reality, seeking a declaratory judgment. However, this court has no jurisdiction to consider an action for declaratory judgment. *State, ex rel. Coyne, v. Todia* (1989), 45 Ohio St.3d 232, 237, 543 N.E.2d 1271, 1276.

We also reject relators' alternative request for a "supervisory order." Rules are normally changed by amendment or repeal. We find no reason why relators cannot request such a change and no necessity to create a new remedy called a "supervisory order."

Accordingly, we hold that relators' complaint fails to state a claim on which relief may be granted and deny the writ.

*Writ denied.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.