[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 1207.]

THE STATE EX REL. LAWRENCE ET AL. *v.* MARKS, ARBITRATOR, ET AL.

[Cite as *State ex rel. Lawrence v. Marks*, 1995-Ohio-270.]

*Motion to dismiss granted.*

(No. 95-1382—Submitted September 26, 1995—Decided November 1, 1995.)

IN PROHIBITION.

———————————

*Spater, Gittes, Schulte & Kolman* and *Frederick M. Gittes*, for relators.

*Albert L. Bell* and *Eugene P. Whetzel*, for respondents.

———————————

{¶ 1} The cause is before the court on respondents' motion to dismiss. The motion is granted and the cause is dismissed.

———————————

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

DOUGLAS and PFEIFER, JJ., concur separately.

———————————

**DOUGLAS, J., concurring.**

{¶ 2} I concur with the judgment of the majority to grant respondents' motion to dismiss. I write separately to briefly state, in part, my reasons for concurring.

{¶ 3} This matter involves a dispute over division of an attorney fee. DR 2-107(B) of the Code of Professional Responsibility provides that "[i]n cases of dispute between lawyers arising under this rule, fees shall be divided in accordance with mediation or arbitration provided by a local bar association. Disputes that cannot be resolved by a local bar association shall be referred to the Ohio State Bar Association for mediation or arbitration." The matter in question was referred to the Ohio State Bar Association and respondent Edward G. Marks was appointed

"arbitrator." See *Schaefer v. Allstate Ins. Co.* (1992), 63 Ohio St.3d 708, 590 N.E.2d 1242. Relator Lawrence is a party in the underlying fee dispute "arbitration," being Ohio State Bar Association case No. 4-93, and relator Helmer was made a party to that "arbitration" by "arbitrator" Marks. Relators Lawrence and Helmer now seek, in the case before us, a writ in prohibition to prevent Marks from proceeding with the "arbitration" of the fee dispute.

{¶ 4} Relators' claim that DR 2-107(B) violates their rights to trial by jury, equal protection, due process and access to courts. Respondents have filed a Civ.R. 12(B)(6) motion to dismiss.

{¶ 5} I concur in the judgment of the majority to dismiss because I believe that relators are seeking, in this prohibition action, a declaration that DR 2-107(B) is unconstitutional. In *State ex rel. Crebs v. Court of Common Pleas* (1974), 38 Ohio St.2d 51, 52, 67 O.O.2d 61, 309 N.E.2d 926, 927, we said that "* * * the unconstitutionality of a statute does not deprive a court of the initial jurisdiction to proceed according to its terms. Appellant has other remedies in the ordinary course of the law and by way of appeal." See, also, *State ex rel. Heimann v. George* (1976), 45 Ohio St.2d 231, 74 O.O.2d 376, 344 N.E.2d 130, and *Christensen v. Bd. of Commrs. on Grievances & Discipline* (1991), 61 Ohio St.3d 534, 575 N.E.2d 790. These cases also apply, I believe, to constitutional challenges of a court rule.

{¶ 6} Constitutionality can be challenged and determined in an action for declaratory judgment brought pursuant to R.C. 2721.02 and 2721.06. Thus, relators have an adequate remedy at law. In addition, this court has no original jurisdiction in declaratory judgment. Further, if the "arbitration" is permitted to proceed and an alleged aggrieved party chooses to test the validity of the "award" by challenging the constitutionality of the rule (DR 2-107[B]), such party could do so by way of appeal pursuant to R.C. 2711.10(D) on the basis that the "arbitrator" exceeded her or his powers. If DR 2-107(B) is unconstitutional, then anyone deciding an issue pursuant to the rule would have exceeded the powers of the "arbitrator."

**{¶ 7}** All the foregoing does not mean to say that the issues raised by relators are not well taken.  As we said in *Christensen*, *supra*, "[a]lthough only this court may make rules governing the conduct of judges and attorneys, it does not follow * * * that only we may determine their constitutionality.  Rules adopted by this court in an administrative capacity must comply with the state and federal Constitutions like any other rules and may be tested in any court of competent jurisdiction."  *Id.* at 537, 575 N.E.2d at 792.  Considering that Section 5, Article I of the Ohio Constitution makes the right to trial by jury inviolate, a legitimate question arises whether this court, by rule or otherwise, can force parties in an attorney-fee dispute to arbitrate when the result of a true arbitration is an award which is final and nonappealable and the parties have not previously agreed to arbitrate.

**{¶ 8}** For the foregoing and for additional reasons not set forth herein, I concur in the judgment to dismiss relators' complaint in prohibition.

PFEIFER, J., concurs in the foregoing concurring opinion.

————————————