[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
In this consolidated appeal from the Erie County Court of Common Pleas involving three cases, we are asked to review the constitutionality of R.C. 2967.11, the sentencing statute which provides for "bad time."
On August 19, 1997, in case no. 97-CR-214, appellant Rhondy Sullivan pled guilty to one count of complicity to trafficking in cocaine. On that date, he was sentenced to eleven months in prison.
On April 7, 1997, in case no. 96-CR-486, appellant pled guilty to one count of aggravated assault. On May 19, 1997, he was sentenced to twelve months in prison.
On April 7, 1997, in case no. 96-CR-564, appellant pled guilty to one count of drug abuse and one count of carrying a concealed weapon. On May 19, 1997, he was sentenced to eleven months in prison as to the offense of drug abuse and twelve months in prison as to the offense of carrying a concealed weapon, with the two sentences to be served consecutively.
At sentencing, appellant was informed that the parole board could increase his respective prison sentences up to fifty percent should he commit a crime in prison. Appellant now appeals setting forth the following assignments of error:
 "I. The Sentence Rendered By The Trial Court Is Unlawful In That The Sentence Strips Appellant Of All Constitutional And Statutory Protections During Appellant's Incarceration, And Even After Appellant's Release.
 "II. The Sentence Rendered By The Trial Court Is Unlawful In That The Sentence Strips Appellant Of The Protection Against Double Jeopardy Under The State And Federal Constitutions.
 "III. The Sentence Rendered By The Trial Court Is Unlawful In That The Sentence Deprives Appellant Of His Right To Substantive Due Process Under The State And Federal Constitutions.
 "IV. The Sentence Rendered By The Trial Court Is Unlawful In That The Sentence Violates Appellant's Right To Be Free From Cruel And Unusual Punishment Under The State And Federal Constitutions.
 "V. The Sentence Rendered By The Trial Court Is Unlawful In That The Sentence Subjects Appellant To Penalties Through Statutory Provisions That Violate The Doctrine Of Separation Of Powers."
R.C. 2967.11 provides in pertinent part:
 "Bad time added to prison term for violation; rules infraction board at each institution.
 "(B) As part of a prisoner's sentence, the parole board may punish a violation committed by the prisoner by extending the prisoner's stated prison term for a period of fifteen, thirty, sixty, or ninety days in accordance with this section. The parole board may not extend a prisoner's stated prison term for a period longer than one-half of the stated prison terms's duration for all violations occurring during the course of the prisoner's stated prison term, including violations occurring while the offender is serving extended time under this section or serving a prison term imposed for a failure to meet the conditions of a post-release control sanction imposed under section 2967.28 of the Revised Code. If a prisoner's stated prison term is extended under this section, the time by which it is so extended shall be referred to as `bad time.'"
In all five assignments of error, appellant raises constitutional challenges to the above code section. Importantly, however, appellant does not allege injury from this code section. Specifically, the record before us shows that, as of yet, appellant has not had his prison time extended pursuant to R.C.2967.11.
"The constitutionality of a state statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied and who has not been injured by its alleged unconstitutional provision." Palazzi v. Estate of Gardner
(1987), 32 Ohio St.3d 169, syllabus. "Constitutional questions will not be decided until the necessity for a decision arises on the record before the court." Christensen v. Bd. of Commrs. onGrievances and Discipline (1991), 61 Ohio St.3d 534, 535, citingState ex rel. Herbert v. Ferguson (1944), 142 Ohio St. 496, paragraph two of the syllabus. Standing to challenge the constitutionality of a statute "requires demonstration of concrete injury in fact, rather than an abstract or suspected injury."State ex rel. Consumers League of Ohio v. Ratchford (1982),8 Ohio App.3d 420.
The assignments of error in this case are without merit as appellant lacks standing to bring a constitutional challenge to R.C. 2967.11. See this court's decision in State v. Somerlot
(Jan. 23, 1998), Erie App. No. E-97-002, unreported. Accordingly, appellant's five assignments of error are found not well-taken.
On consideration whereof, this court finds that substantial justice has been done the party complaining, and the judgments of the Erie County Court of Common Pleas are affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 7/1/92.
 _______________________________ George M. Glasser, J.
JUDGE
 ______________________________ James R. Sherck, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.