OPINION
Appellant Margaret Barker was convicted upon a plea of guilty to Theft, two counts of Forgery, and two counts of Forgery/Uttering. Appellant John Shearn was convicted of Felonious Assault with a firearm specification, upon a guilty plea. Appellant John Buckmaster was convicted of Burglary and Theft upon a plea of guilty. Appellant Grover Lewis was convicted of Petty Theft and two counts of Receiving Stolen Property upon a plea of guilty. All four appellants were sentenced pursuant to Senate Bill 2.
We have consolidated the cases for purposes of opinion only, as all four appellants raise the same constitutional challenges to the bad-time provision and the post-release control provision of Senate Bill 2 (R.C. 2967.11, 2967.28):
ASSIGNMENTS OF ERROR:
 I. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE STRIPS APPELLANT OF ALL CONSTITUTIONAL AND STATUTORY PROTECTIONS DURING APPELLANT'S INCARCERATION, AND EVEN AFTER APPELLANT'S RELEASE.
 II. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE STRIPS APPELLANT OF THE PROTECTION AGAINST DOUBLE JEOPARDY UNDER THE STATE AND FEDERAL CONSTITUTION.
 III. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE DEPRIVES APPELLANT OF HIS RIGHT TO SUBSTANTIVE DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS.
 IV. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE VIOLATES APPELLANT'S RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE STATE AND FEDERAL CONSTITUTIONS.
 V. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE SUBJECTS APPELLANT TO PENALTIES THROUGH STATUTORY PROVISIONS THAT VIOLATE THE DOCTRINE OF SEPARATION OF POWERS.
None of the appellants challenged the constitutionality of the bad-time and post-release control provisions of Senate Bill 2 in the trial court. Therefore, these issues are raised for the first time on appeal. Generally, constitutional error must be raised in the trial court in order to preserve the error for appellate review. State vs. Abrams (1974), 39 Ohio St.2d 53. A Court of Appeals may entertain a constitutional challenge which was not raised in the trial court if the error is plain, and consideration is warranted by the rights and interests involved.In Re: M.D. (1988), 38 Ohio St.3d 149.
The Court of Appeals for Erie County has considered the question of the constitutionality of the statute challenged in the instant case. The court concluded that the defendants did not have standing to challenge the statute. State vs. Somerlot
(January 23, 1998), Erie App. No. 96-CR-441, unreported. InSomerlot, as in the instant case, none of the appellants had alleged injury from application of the challenged code section. None of the appellants had their prison terms extended pursuant to operation of the statute. The constitutionality of a State statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied, and who has not been injured by its alleged unconstitutional provision. Palazzi vs. Estate ofGardner (1987), 32 Ohio St.3d 169, syllabus. Constitutional questions will not be decided until the necessity for a decision arises on the record before the court. Christensen vs. Board ofCommissioners (1991), 61 Ohio St.3d 534, 535. Standing to challenge the constitutionality of a statute requires demonstration of a concrete injury in fact, rather than an abstract or suspected injury. State, ex rel. Consumers League ofOhio vs. Ratchford (1982), 8 Ohio App.3d 420.
As noted earlier, none of the appellants in the instant case has alleged an injury in fact by operation of the statute. All four appellants have appealed directly from the imposition of sentence. None has alleged that they have been subjected to an extension of prison time pursuant to the bad-time provision of the statute, nor have any of the appellants alleged that they have been made subject to post-release control sanctions. Therefore, there are questions as to whether appellants have standing to raise the constitutional challenge, and as to whether the issue is ripe for review at this point. Because of these issues, we cannot find that the complained of error, which was not raised in the trial court, is plain error, and consideration is warranted by the rights and interests involved. Accordingly, appellants have waived any error by failing to challenge the constitutionality of the statute in the trial court.
Assignments of Error I. through V. are overruled.
The judgment of the Coshocton County Common Pleas Court is affirmed.
By: Reader, J. Gwin, P. J. and Hoffman, J. concur.
 JUDGMENT ENTRY
CASE NO. 97-CA-10
For the reasons stated in the Memorandum-Opinion on file, the Coshocton County Common Pleas Court is affirmed. Costs to appellant.
 JUDGMENT ENTRY
CASE NO. 97-CA-12
For the reasons stated in the Memorandum-Opinion on file, the Coshocton County Common Pleas Court is affirmed. Costs to appellant.
 JUDGMENT ENTRY
CASE NO. 97-CA-19
For the reasons stated in the Memorandum-Opinion on file, the Coshocton County Common Pleas Court is affirmed. Costs to appellant.
 JUDGMENT ENTRY
CASE NO. 97-CA-25
For the reasons stated in the Memorandum-Opinion on file, the Coshocton County Common Pleas Court is affirmed. Costs to appellant.