OPINION
{¶ 1} Appellant, Randy Jones, appeals from the June 11, 2002 judgment entry in which the Trumbull County Court of Common Pleas sentenced him for trafficking in cocaine and trafficking in cocaine in the vicinity of a juvenile.
 {¶ 2} On May 4, 2001, appellant was secretly indicted with the following: counts one through four, trafficking in cocaine, felonies of the fifth degree; count five, trafficking in cocaine with vehicle forfeiture, a felony of the fifth degree; count six, trafficking in cocaine with vehicle forfeiture, a felony of the third degree; count seven, trafficking in cocaine in the vicinity of a juvenile, a felony of the second degree; and count eight, engaging a pattern of criminal activity, a felony of the first degree. At the arraignment, appellant entered a plea of not guilty to the charges. A bench trial commenced on April 1, 2002, and continued until April 3, 2002.[1]
 {¶ 3} At the onset of the trial, upon motion of the prosecution, the trial court dismissed counts one through five and proceeded to trial on counts six through eight. The Trumbull Drug Task Force and Geauga County Drug Task Force arrested appellant as a result of a joint investigation. Captain Jeffrey D. Buck ("Captain Buck") of the Geauga County Drug Task Force met with appellant on March 30, 2000, at a Trumbull County bar, and on April 5, 2000, at a Wendy's restaurant in Warren, Ohio.[2]
 {¶ 4} On May 23, 2000, appellant and Captain Buck met for lunch at Ponderosa in Warren, Ohio. At that meeting was appellant's wife, Sandy, and Officer Caroline Lenzo ("Officer Lenzo") of the Geauga County Drug Task Force, who was posing as Captain Buck's wife. After leaving Ponderosa, the two couples went to appellant's home in Cortland, Ohio. Captain Buck testified that there were children present in appellant's home. Captain Buck counted out $1,320 in buy money, of which $1,200 was to go to the supplier and $120 was appellant's profit for arranging the deal. After appellant received a phone call from his supplier, he left his home and returned about forty minutes later with a substance which later tested positive for cocaine.
 {¶ 5} On June 12, 2000, Captain Buck and Officer Lenzo arrived at appellant's home in the midst of a family reunion. They noticed several children, ranging from age five to twelve, playing outside. Captain Buck again counted out $1,320 for another ounce of cocaine. Appellant left his home to meet his source, and he was followed by Detective Fred Raines of the Trumbull County Drug Task Force to Mosquito Lake Park. Appellant returned to his home and Captain Buck met him at his car in the driveway. Captain Buck noticed that the children were outside playing "within about 100 feet of [them] on a trampoline in the front yard" from where the transaction took place.
 {¶ 6} After the state presented its case in chief, appellant moved to dismiss the trafficking in cocaine in the vicinity of a juvenile charge pursuant to Crim.R. 29 on the grounds that the statute as written was unconstitutionally vague and overbroad. In overruling the motion, the trial court explained that:
 {¶ 7} "And then they went on to agree that the definition of vicinity as a juvenile would be within 100 feet or within the view of a juvenile. It was their opinion [in State v. Owens (Sept. 1, 2000), 6th Dist. Nos. WD-00-004 and 98-CR-226, 2000 WL 1232426] that it was therefore immaterial to the transaction if they were within 100 feet whether the juvenile was in the presence of the offender or the fact that there was any knowledge of it, and it was their opinion that it was not unconstitutionally vague and that the statute provided ample warning to citizens and is clear enough to preclude arbitrary enforcement.
 {¶ 8} "*** In the definition of a juvenile, however, it says 100 feet or within the view of a juvenile. Quite frankly, a juvenile or a child is a movable object, it moves all the time, and because of that the distances involved also can be moved from 100 feet to 1000 feet. ***
 {¶ 9} "Do I personally believe that it is overly broad? I would probably say that the `in the presence of a juvenile' gives me pause for concern, or `in the view of a juvenile' because, quite frankly, it would be very easy for a drug agent or a police officer or, for that matter, an undercover agent to arrange a transaction that would be in the view of a juvenile and, therefore, enhance the penalty in the case. And I'll even go so far to say that in this case that, quite frankly, the transaction could have all taken place inside the house but the undercover officers chose to go outside and come down the driveway and therefore the end of the transaction occurred in the driveway and arguably in the presence of not one but several juveniles that were outside at that time. However, whether they were within 100 feet is something that could be subject to interpretation in this case by the testimony that's already been introduced.
 {¶ 10} "While I don't necessarily believe that the officers intended that result in this particular case, I can say to you that I am not enamored with the reasoning under the [Owens] case that this is not overly broad. *** As a matter of fact, if I was in that court of appeals I would probably agree that at least `within the view of a juvenile' is overly broad.
 {¶ 11} "However, that is a court of appeals decision in our state and I will go by the precedence that has been set by that court of appeals saying that it is not overly broad and so, therefore, while I may disagree with the opinion, your motion *** for dismissal on that basis is denied."
 {¶ 12} Appellant was found guilty of trafficking in cocaine with vehicle forfeiture and trafficking in cocaine in the vicinity of a juvenile. Appellant was found not guilty of engaging in a pattern of corrupt activity. The trial court sentenced appellant to one year for trafficking in cocaine with vehicle forfeiture and two years for trafficking in cocaine in the vicinity of a juvenile. The sentences were to run concurrently with each other. Appellant timely filed the instant appeal and now assigns a single assignment of error:
 {¶ 13} "The trial court erred in upholding the constitutionality of Section 2925.03(C)(4)(d), as defined by Section 2925.01(BB) of the Ohio Revised Code. Specifically, the court erred in finding that the statute is not overbroad and vague after the court, on the record, stated that after applying the constitutional texts, the court found the statute to be unconstitutional."
 {¶ 14} For his lone assignment of error, appellant alleges that the trial court erred in upholding the constitutionality of R.C.2925.03(C)(4)(d) and 2925.01(BB) and not finding them to be overbroad and vague. However, with respect to the argument that R.C. 2925.03(C)(4)(d) is overbroad, we note that the overbreath doctrine has no application to criminal statutes outside the First Amendment. See State v. Mundy
(1994), 99 Ohio App.3d 275, 290, citing State v. Collier (1991), 62 Ohio st.3d 267. No First Amendment issue has been raised in this context in this case. Therefore, we do not address that concept.
 {¶ 15} R.C. 2925.03(C)(4)(d) provides that:
 {¶ 16} "If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows *** [e]xcept as otherwise provided in this division, if the amount of the drug involved equals or exceeds ten grams but is less than one hundred grams of cocaine that is not crack cocaine or equals or exceeds five grams but is less than ten grams of crack cocaine, trafficking in cocaine is a felony of the third degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree. If the amount of the drug involved is within one of those ranges and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree." (Emphasis added.)
 {¶ 17} Appellant also mentions the phrase "in the vicinity of a juvenile," which is defined in R.C. 2925.01(BB) and states that: "[a]n offense is `committed in the vicinity of a juvenile' if the offender commits the offense within one hundred feet of a juvenile or within the view of a juvenile, regardless of whether the offender knows the age of the juvenile, whether the offender knows the offense is being committed within one hundred feet of or within view of the juvenile, or whether the juvenile actually views the commission of the offense."
 {¶ 18} "[S]tatutes enacted in Ohio are presumed to be constitutional. *** This presumption of constitutionality remains unless it is proven beyond a reasonable doubt that the legislation is clearly unconstitutional." (Citations omitted.) State v. Williams (2000),88 Ohio St.3d 513, 521. Any reasonable doubt as to the constitutionality of a statute must be resolved in favor of the General Assembly's power to enact the statute. State v. McDonald (1987), 31 Ohio St.3d 47, 48. The General Assembly has plenary power to prescribe crimes and fix penalties. State v. Strailey (Sept. 25, 1998), 11th Dist. No. 97-L-227, 1998 WL 684188, at 2, citing State v. Morris (1978), 55 Ohio St.2d 101,112. The party claiming unconstitutionality of a statute must prove this assertion beyond a reasonable doubt. State v. Thompkins (1996),75 Ohio St.3d 558, 560.
 {¶ 19} In Owens, supra, at 4-5, the Sixth Appellate District addressed the issue of the constitutionality of R.C. 2925.03(C)(4)(d) and held that:
 {¶ 20} "In examining a statute for vagueness, we must measure it against three values identified by the United States Supreme Court.Papachristou v. City of Jacksonville (1972), 405 U.S. 156 ***. In Statev. Tanner (1984), 15 Ohio St.3d 1, 3, the Ohio Supreme Court articulated those values as follows: (1) providing fair warning to citizens in order that their behavior may comport with the dictates of the statute; (2) precluding arbitrary, capricious and generally discriminatory enforcement; and (3) ensuring that constitutionally protected freedoms are not unreasonably impinged or inhibited.
 {¶ 21} "***
 {¶ 22} "Upon review of the statutory provisions in question we cannot say that said provisions are so imprecisely drafted as to provide no standard at all. R.C. [2925.01(BB)] clearly provides that the more severe form of R.C. 2925.03(C)(4)(d) is committed when a juvenile is within one hundred feet of the transaction. It is immaterial whether the juvenile is in the presence of the offender during the transaction or, in fact, whether the offender is even aware that the juvenile is in the vicinity. Accordingly, the statute provides ample warning to citizens and is clear enough to preclude arbitrary enforcement. Therefore, *** we find that R.C. 2925.03(C)(4)(d) is not unconstitutionally vague ***."
 {¶ 23} We are persuaded to some extent by the reasoning of the Sixth Appellate District. We also conclude that appellant has not demonstrated beyond a reasonable doubt that the portion of the statute specifically involved here as written is unconstitutional. R.C. 2925.01(BB) clearly states, in part, that an offense is "committed in the vicinity of a juvenile" if the defendant commits the crime "within one hundred feet of a juvenile" or if the offense is committed "within the view of a juvenile." The statute is written in the disjunctive and requires either that the offense be committed within one hundred feet of a juvenile or within the view of a juvenile. Based on the testimony of Captain Buck and Officer Lenzo, appellant committed the charged offenses within one hundred feet of a juvenile. Hence, it is our view that this portion of the statute is not unconstitutionally vague.
 {¶ 24} Furthermore, when applying the statute to the facts of the case at hand, it is important to note that Captain Buck and Officer Lenzo testified that when they arrived at appellant's home on May 23, 2000, to purchase cocaine, there were children in the home. Further, the second time Captain Buck and Officer Lenzo went to appellant's home, on June 12, 2000, there were several children around as they were in the midst of a family reunion. The children ranged from ages five to twelve. A bit later, the testimony revealed that when appellant arrived home with the cocaine, Captain Buck met him the in the driveway, and again, there were several children present, who were jumping on a trampoline which was within one hundred feet of the transaction. In addition, the voices of the children can be heard on the audio surveillance tape. Thus, when considering the facts of this case, it is our determination that appellant's conduct was in violation of R.C. 2925.03(C)(4)(d). Hence, it is our view that "within one hundred feet of a juvenile" contained in R.C. 2925.03(C)(4)(d) is not unconstitutionally vague.
 {¶ 25} Moreover, it is our position that there was no prejudice to appellant since at oral argument appellant's counsel admitted that the language "within one hundred feet of a juvenile" was not unconstitutionally vague. Further, Captain Buck testified that the juveniles were playing "within about 100 feet of [them] on a trampoline ***." Thus, since the trial court premised its decision on the fact that the transaction took place in the vicinity of juveniles who were "within one hundred feet of a juvenile," we conclude that there was no error. The trial court did not directly address the disjunctive provision in the statute regarding an offense committed "or within the view of a juvenile." Hence, we elect not to consider the constitutionality of that portion of the statute since that constitutional attack was not expressly at issue in the trial court's decision. Although the issue may have been raised, the trial court did not predicate its decision on that basis. Since constitutional questions are not ripe for review until the necessity for a decision arises on the record before the court, the issue was not ripe for review under the circumstances. State v. Spikes (1998),129 Ohio App.3d 142, 145, citing Christensen v. Bd. of Commrs. onGrievances Discipline (1991), 61 Ohio St.3d 534, 535.
 {¶ 26} For the foregoing reasons, appellant's lone assignment of error is not well taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL and CYNTHIA WESTCOTT RICE, JJ., concur.
[1] After being advised of his rights, appellant waived his constitutional right to a trial by jury.
[2] It is important to note that Captain Buck was wearing a body-transmitting device at all of the meetings with appellant.