JENNINGS, APPELLANT, *v.* JACKSON, WARDEN, APPELLEE.

[Cite as *Jennings v. Jackson,* 102 Ohio St.3d 164, 2004-Ohio-2052.]

(No. 2003–2153—Submitted April 14, 2004—Decided May 12, 2004.)

———————

**Per Curiam.**

{¶ 1} On November 8, 2000, the Franklin County Court of Common Pleas convicted appellant, Ellis L. Jennings, of four counts of gross sexual imposition and sentenced him to seven years in prison. On appeal, the court of appeals affirmed. *State v. Jennings* (Sept. 13, 2001), Franklin App. No. 00AP–1283, 2001 WL 1045490.

{¶ 2} On September 12, 2003, Jennings filed a petition in the Court of Appeals for Warren County for a writ of habeas corpus to compel his release from prison.

Jennings claimed that his trial court lacked jurisdiction to convict and sentence him because the R.C. 2901.13 statute of limitations had expired before the state's prosecution had commenced. Appellee, Warren Correctional Institution Warden Wanza Jackson, moved to dismiss the petition. On November 6, 2003, the court of appeals granted Jackson's motion and dismissed the petition.

{¶ 3} We affirm the judgment of the court of appeals. "[A] violation of R.C. 2901.13 does not divest the trial court of jurisdiction and is thus not cognizable in habeas corpus." *Daniel v. State*, 98 Ohio St.3d 467, 2003-Ohio-1916, 786 N.E.2d 891, ¶ 7. "Claims such as statute-of-limitations violations 'must be raised on appeal rather than by extraordinary writ.'" Id. at ¶ 8, quoting *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 76, 701 N.E.2d 1002.[1]

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Ellis L. Jennings, pro se.

Jim Petro, Attorney General, and Stuart A. Cole, Assistant Attorney General, for appellee.

———————

1. We deny Jennings's request for oral argument.