THE STATE EX REL. BANDARAPALLI, APPELLANT, *v.*

GALLAGHER, JUDGE, APPELLEE.

[Cite as *State ex rel. Bandarapalli v. Gallagher,*

128 Ohio St.3d 314, 2011-Ohio-230.]

*Prohibition — Alleged defective indictment — Claim not recognized in prohibition — Judgment affirmed.*

(No. 2010-1549 — Submitted January 19, 2011 — Decided January 26, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 95506, 2010-Ohio-3886.

_____

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the court of appeals dismissing the complaint of appellant, Rajpal Bandarapalli, for a writ of prohibition to prevent appellee, Cuyahoga County Court of Common Pleas Judge Eileen T. Gallagher, from proceeding in the underlying criminal case against him. Bandarapalli claims that his indictment is defective. Bandarapalli has adequate remedies in the ordinary course of law by motion to dismiss the indictment and, in the event he is convicted based on the alleged defective indictment, by appeal. See, e.g., *State ex rel. Parker v. Cuyahoga Cty. Court of Common Pleas* (1980), 61 Ohio St.2d 351, 352, 15 O.O.3d 435, 402 N.E.2d 508; *State ex rel. Johnson v. Talikka* (1994), 71 Ohio St.3d 109, 111, 642 N.E.2d 353; *Pishok v. Kelly*, 122 Ohio St.3d 292, 2009-Ohio-3452, 910 N.E.2d 1033, ¶ 1. Bandarapalli's reliance on *State v. Cimpritz* (1953), 158 Ohio St. 490, 49 O.O. 418, 110 N.E.2d 416, paragraph six of the syllabus, to contend that he may raise a claim that his indictment is defective in a collateral proceeding like prohibition is misplaced because we later clarified *Cimpritz* by holding that a defective-indictment claim could be raised only by

direct challenge in the ordinary course of law rather than in a collateral attack by extraordinary writ. See *State v. Wozniak* (1961), 172 Ohio St. 517, 522-523, 18 O.O.2d 58, 178 N.E.2d 800, and *Midling v. Perrini* (1968), 14 Ohio St.2d 106, 43 O.O.2d 171, 236 N.E.2d 557, syllabus.

{¶ 2} Bandarapalli's remaining prohibition claim – that Judge Gallagher cannot preside over his criminal trial because she ruled on the state's motion under Crim.R. 16 to withhold witnesses' names and addresses and to prevent contact between Bandarapalli and the witnesses – is reviewable on appeal for harmless error. See *State v. Gillard* (1988), 40 Ohio St.3d 226, 229-230, 533 N.E.2d 272, reversed on other grounds by *State v. McGuire* (1997), 80 Ohio St.3d 390, 686 N.E.2d 1112.

{¶ 3} Based on the foregoing, Bandarapalli's claims allege, at best, errors in the exercise of the court's jurisdiction rather than a lack of subject-matter jurisdiction. See *State ex rel. Mosier v. Fornof*, 126 Ohio St.3d 47, 2010-Ohio-2516, 930 N.E.2d 305, ¶ 7. Therefore, the court of appeals properly dismissed his complaint for extraordinary relief in prohibition.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Rajpal Bandarapalli, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____