[Cite as *State ex rel. Lisboa v. Fuerst*, 2012-Ohio-370.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97856**

## STATE OF OHIO, EX REL.,
## JOSE LISBOA, JR.

RELATOR

vs.

## JUDGE NANCY A. FUERST

RESPONDENT

## JUDGMENT:
## COMPLAINT DISMISSED

Writ of Prohibition and Mandamus
Order No. 451671

**RELEASE DATE:** February 1, 2012

**FOR RELATOR**

Jose C. Lisboa, Jr.
C/O Moyer Paralegal Services
245 Portage Trail, Unit #2
Cuyahoga Falls, OH   44223

**ATTORNEY FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor
Justice Center, 9th Fl.
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶ 1}  Jose Lisboa, Jr., has filed a compliant for an original action through which he seeks a writ of prohibition and/or a writ of mandamus.  Lisboa, through his request for prohibition, is attempting to prevent any future action with regard to the indictment that is currently pending within *State v. Lisboa*, Cuyahoga Cty. Court of Common Pleas Case No. CR-522757.  In addition, Lisboa requests a writ of mandamus to dismiss the pending indictment based upon a claim of lack of speedy trial.  Sua sponte, we dismiss Lisboa's complaint for an original action base upon the failure to state any claim upon which relief can be granted.

{¶ 2} Prohibition is not available to challenge a defective indictment. Lisboa possesses adequate remedies in the ordinary course of law through a motion to dismiss the indictment, and if convicted as based upon a defective indictment, by appeal. *State ex rel. Bandarapalli v. Gallagher*, 128 Ohio St.3d 314, 2011-Ohio-230, 943 N.E.2d 1020, *State ex rel. Parker v. Cuyahoga Cty. Court of Common Pleas*, 61 Ohio St.2d 351, 402 N.E.2d 508 (1980). In addition, the claim that Lisboa has been denied the right to a speedy trial is not cognizable in an extraordinary action. *State ex rel. Barr v. Pittman*, 127 Ohio St.3d 32, 2010-Ohio-4989, 936 N.E.2d 43; *State ex rel. Jackim v. Ambrose*, 118 Ohio St.3d 512, 2008-Ohio-4989, 936 N.E.2d 43. Thus, Lisboa has failed to establish any claim that he is entitled to a writ of prohibition or a writ of mandamus. *State ex rel. Peeples v. Anderson*, 73 Ohio St.3d559, 1995-Ohio-335, 653 N.E.2d 371.

{¶ 3} Finally, we declare that Lisboa is a vexatious litigator. Pursuant to Loc.App.R. 23(A), an original action shall be considered frivolous if it is not reasonably grounded in fact or warranted by existing law. Loc.App.R. 23(B) further provides that a party that habitually, persistently and without reasonable cause engages in frivolous conduct, may be declared a vexatious litigator subject to filing restrictions. We find that this original action is not reasonably grounded in fact and is not warranted by existing law. It must also be noted that Lisboa has continually taxed the limited resources of this court through the filing of over 22

appeals and 7 original actions over the past 7 years.

{¶ 4} Thus, we find Lisboa to be a vexatious litigator under Loc.App.R. 23. Accordingly, Lisboa is prohibited from instituting any future legal proceedings in the Eighth District Court of Appeals without first obtaining leave and is further prohibited from filing any actions in the Eighth District Court of Appeals without the filing fee and security for costs required by Loc.App.R. 3(A). Any request to file an appeal or original action shall be submitted to the clerk of this court for the court's review.

{¶ 5} Accordingly, we sua sponte dismiss Lisboa's complaint for a writ of prohibition and/or mandamus. It is further ordered that Lisboa be declared a vexatious litigator pursuant to Loc.App.R. 23. Costs to Lisboa. A copy of this judgment shall be served upon all parties as required by Civ.R. 58(B).

Complaint dismissed.

MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, P.J., AND
KATHLEEN ANN KEOUGH, J., CONCUR