[Cite as *Steele v. Shobert*, 2014-Ohio-219.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100621**

---

## CHARLES M. STEELE

RELATOR

vs.

## RONALD L. SHOBERT, WARDEN

RESPONDENT

---

**JUDGMENT:**
PETITION DISMISSED

---

Writ of Habeas Corpus
Motion No. 470139
Order No. 471389

**RELEASE DATE:** January 21, 2014

**FOR RELATOR**

Charles M. Steele, pro se
Inmate No. 0183340
P.O. Box 6600
Cleveland, Ohio   44101


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Joseph J. Ricotta
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Charles M. Steele has filed a petition for a writ of habeas corpus. Steele argues that he is being held illegally in the Cuyahoga County Jail by Warden Ronald L. Shobert because the indictments, rendered in *State v. Steele*, Cuyahoga C.P. Case Nos. CR-572269 and CR-575214, are procedurally defective and were untimely returned by the Cuyahoga County Grand Jury after the statute of limitations applicable to the offenses of rape and kidnaping had expired. Warden Shobert has filed a motion to dismiss and/or motion for summary judgment. Upon consideration of the motion to dismiss, we dismiss the petition for a writ of habeas corpus for the following reasons.

{¶2} Initially, we find that Steele's petition for a writ of habeas corpus is procedurally defective. Steele has failed to verify his petition with a sworn statement as mandated by R.C. 2725.04. *State ex rel. Austin v. Knab*, 127 Ohio St.3d 118, 2010-Ohio-4982, 936 N.E.2d 956; *Chari v. Vore*, 91 Ohio St.3d 323, 2001-Ohio-49, 744 N.E.2d 763. Steele has also failed to support his petition with a sworn affidavit as mandated by Loc.App.R. 45(B)(1)(a). *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; *Boyd v. McGinty*, 8th Dist. Cuyahoga No. 84476, 2004-Ohio-2704.

{¶3} In addition, a claim that the statute of limitations expired prior to indictment cannot be addressed through a petition for a writ of habeas corpus, but must be raised through a direct appeal. *Jennings v. Jackson*, 102 Ohio St.3d 164, 2004-Ohio-2052, 807 N.E.2d 361; *Daniel v. State*, 98 Ohio St.3d 467, 2003-Ohio-1916, 786 N.E.2d 891.

Finally, the claim of a defective indictment may not be addressed through an original action and must be raised in a direct appeal. *State ex rel. Bandarapalli v. Gallagher*, 128 Ohio St.3d 314, 2011-Ohio-230, 943 N.E.2d 1020; *State v. Wozniak*, 172 Ohio St. 517, 178 N.E.2d 800 (1961). Thus, Steele has failed to state any cognizable claim that would allow for this court to issue a writ of habeas corpus.

{¶4} Accordingly, we grant Warden Shobert's motion to dismiss. Costs to Steele. The court directs the clerk of court to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶5} Petition dismissed.


FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
PATRICIA A. BLACKMON, J., CONCUR