[Cite as *Young v. Foley*, 2022-Ohio-2260.]

STATE OF OHIO       )           IN THE COURT OF APPEALS
                     )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN     )

GEORGE R. YOUNG

     Petitioner                  C.A. No.      22CA011841

     v.

KEITH J. FOLEY, WARDEN            ORIGINAL ACTION IN
                                       HABEAS CORPUS

     Respondent

Dated: June 30, 2022

PER CURIAM.

{¶1} Petitioner, George R. Young, has petitioned this Court for a writ of habeas corpus to compel Respondent, Warden Foley, to release him from custody. Because Mr. Young obviously cannot prevail on the facts alleged in his petition, this Court sua sponte dismisses the case.

{¶2} Sua sponte dismissal of a petition, without notice, is appropriate only if the petition is frivolous or the claimant obviously cannot prevail on the facts alleged in the petition. *See, e.g., State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, ¶ 7. Mr. Young cannot prevail on the facts alleged in his petition because his claims cannot, as a matter of law, support granting habeas corpus relief.

{¶3} According to Mr. Young's petition, he was convicted of rape and kidnapping after the statute of limitations had expired. He also alleged in his petition that he was denied his right to a speedy trial pursuant to R.C. 2941.401.

{¶4}     State habeas corpus relief is available in specific, extraordinary circumstances. R.C. Chapter 2725 prescribes the procedure for bringing a habeas corpus action. The petitioner must file a petition that contains specific, required, information. If this Court concludes that the petition states a facially valid claim, it must allow the writ. R.C. 2725.06. On the other hand, if the petition fails to state a claim, this Court should dismiss the petition. *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001). For this Court to grant the writ, Mr. Young must demonstrate that there is an unlawful restraint of his liberty or that the judgment of conviction and sentence is void due to lack of jurisdiction. *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99-100 (1996). Mr. Young's petition alleges that his judgment of conviction is void.

*Statute of Limitations*

{¶5}     According to Mr. Young's petition, he was charged with rape and kidnapping offenses that occurred in 1993. The indictment was issued naming a John Doe defendant after the rape kit was tested shortly before the expiration of the 20-year statute of limitations. Mr. Young raised the statute of limitations issue before trial and on appeal. In his petition, he alleges that, because the statute of limitations had expired, his judgment of conviction is void and, therefore, he is entitled to immediate release from prison by the grant of the writ of habeas corpus.

{¶6}     The Ohio Supreme Court has repeatedly held that a violation of the statute of limitations "does not divest the trial court of jurisdiction and is thus not cognizable in habeas corpus." (Citations omitted) *Jennings v. Jackson*, 102 Ohio St.3d 164, 2004-Ohio-2052, ¶ 3. In *Jennings*, the Supreme Court specifically held that "Claims such as statute-of-limitations violations must be raised on appeal rather than by extraordinary writ." (Citations and internal quotation marks omitted) *Id.* The "statute of limitations is an affirmative defense that may deprive a litigant of his or her right to recover, but it is not a jurisdictional defect. The statute of

limitations is a defense to a matter over which the court has subject matter jurisdiction." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998).

{¶7} Because there is no set of facts upon which Mr. Young could prevail, sua sponte dismissal is appropriate as to his statute of limitations claim.

*Speedy Trial*

{¶8} Mr. Young's second claim is that his right to a speedy trial was violated. He alleges that he was being held in custody while this indictment was pending and his right to be brought to trial pursuant to R.C. 2941.401 was violated. He further alleges that this violation rendered the trial court's judgment of conviction void, requiring this Court to grant the writ of habeas corpus to order his immediate release from prison.

{¶9} The Ohio Supreme Court has repeatedly held that habeas corpus is not available for an alleged violation of R.C. 2941.401. A petitioner who seeks the writ of habeas corpus based on a violation of R.C. 2941.401 has "adequate remedies at law by moving to dismiss the charges based on his speedy-trial claim and, if that failed, by appealing from the judgment." *Jackson v. Wilson*, 100 Ohio St.3d 315, 2003-Ohio-6112, ¶ 5. Later, the Supreme Court specifically held that "[t]his rule applies where the claimed violation is—as here—based upon noncompliance with R.C. 2941.401." (Citation omitted) *Tisdale v. Eberlin*, 114 Ohio St.3d 201, 2007-Ohio-3833, ¶ 7.

{¶10} Because there is no set of facts upon which Mr. Young could prevail on his speedy trial claim, sua sponte dismissal is appropriate as to this claim.

*Conclusion*

**{¶11}**  As explained above, sua sponte dismissal of Mr. Young's petition is warranted.

He cannot prevail on the facts alleged in the petition because his claims cannot support granting

habeas corpus relief.  This case is dismissed.

**{¶12}**  Costs are taxed to Mr. Young.  The clerk of courts is hereby directed to serve upon

all parties not in default notice of this judgment and its date of entry upon the journal.  *See* Civ.R.

58.

 

JENNIFER L. HENSAL
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

GEORGE R. YOUNG, Pro Se, Petitioner.