OPINION
{¶ 1} Calvin Cook appeals his conviction and sentence for one count of tampering with a coin machine, R.C. 2911.32 and one count of possession of criminal tools, R.C. 2923.24. Appellant was indicted for the offenses on February 15, 2005. Because appellant had been convicted of tampering with coin machines on March 16, 2004, the tampering offense was a felony of the fifth degree.
 {¶ 2} Appellant was sentenced on April 14, 2005, but failed to file a timely appeal as of right. On May 25, 2005, acting on his own behalf, appellant filed a motion for leave to file a delayed appeal and a motion for appointment of counsel for purposes of the appeal. We granted both motions on August 2, 2005, and appointed the state public defender to represent appellant.
 {¶ 3} Appellant advances seven assignments of error:
First Assignment of Error
Mr. Cook was deprived of his right to due process of law when his conviction for tampering with a coin machine was entered in the absence of sufficient evidence, and when Mr. Cook's conviction for tampering was against the manifest weight of the evidence. Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution.
Second Assignment of Error
The trial court erred when it failed to instruct the jury on attempt under Ohio Revised Code 2923.02.
Third Assignment of Error
Mr. Cook was deprived of his right to a fair trial based on the egregious, pervasive prosecutorial misconduct which occurred in the trial court proceedings, in contravention of his right to due process, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and Section 16, Article I of the Ohio Constitution.
Fourth Assignment of Error
The performance of trial counsel was deficient and deprived Mr. Cook of the right to effective assistance of counsel as guaranteed to him by the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution.
Fifth Assignment of Error
The trial court erred by making ex parte, post-hearing sentencing findings outside the presence of both the defendant and defense counsel and by communicating with the jury on a question central to its finding of guilt or innocence outside the hearing of the defendant and his counsel. Fifth andFourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution.
Sixth Assignment of Error
The trial court erred by imposing maximum and consecutive prison sentences without providing sufficient reasons for its decision and without clearly aligning its reasons with its findings.
Seventh Assignment of Error
The trial court erred by sentencing Mr. Cook to maximum, consecutive prison terms based on facts not found by the jury or admitted by Mr. Cook.
 {¶ 4} The following testimony was presented at appellant's jury trial. In the late afternoon hours of Sunday, February 6, 2005, Thomas Bevins, an agent of the Federal Drug Enforcement Agency had left his office and was headed to a gymnasium. Bevins observed appellant in a self-service parking lot at the corner of Pearl and Elm in downtown Columbus, Ohio.[1] Appellant was standing directly in front of a group of secure parking fee deposit boxes into which those who used the parking lot would insert the appropriate parking fee. (State's exhibit No. 1, a photograph, depicts the tiers of fee deposit boxes.) The boxes accepted coins and paper currency. An employee of the parking company testified that, over the course of a day, each box could have several hundred dollars in it. Only two persons were authorized to collect the money held in the cash boxes. Appellant was not one of them.
 {¶ 5} Appellant drew the attention of Bevins because there was ample on-street parking and the parking lot was empty at the time. As Bevins watched, appellant appeared to be manipulating something at the front of a cash deposit box. When a car pulled into a nearby alley, appellant immediately stopped this activity and moved away from the boxes. When the car passed by, appellant immediately returned to the cash boxes and "began to manipulate the parking meter again." (Tr. 22.) It appeared to Bevins that appellant was trying to get something out of the cash box. Bevins demonstrated before the jury that appellant's hand was turning in a counterclockwise motion.
 {¶ 6} Bevins yelled at appellant who yelled back at Bevins. Bevins continued on toward the gym, and then realized appellant was following him in the alley. Appellant was heading toward Bevins with his hands closed. Bevins felt appellant posed a threat to him and flagged down a passing police cruiser and advised the officer of his observations. The police officer approached appellant, placed him under arrest and found a long, slim wire in appellant's pocket. The wire had been bent into a hook, similar to a coat hanger.
 {¶ 7} In his first assignment of error, appellant argues that his conviction for tampering with a coin machine is not supported by sufficient evidence and is against the manifest weight of the evidence. The concepts of sufficiency and weight of the evidence are both qualitatively and quantitatively different. State v.Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. Sufficiency is considered a term of art, and tests the adequacy of evidence to support each element of a criminal offense. A conviction based on legally insufficient evidence violates due process. Tibbs v. Florida (1982), 457 U.S. 31, 45,102 S.Ct. 2211, 2220.
 {¶ 8} A conviction rests upon sufficient evidence where, if believed, the evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Citation omitted.) Id.
 {¶ 9} Section 2911.32 of the Revised Code governs tampering with a coin machine. That section provides as follows:
(A) No person, with purpose to commit theft or to defraud, shall knowingly enter, force an entrance into, tamper with, or insert any part of an instrument into any coin machine.
(B) Whoever violates this section is guilty of tampering with coin machines, a misdemeanor of the first degree. If the offender previously has been convicted of a violation of this section or of any theft offense as defined in section 2913.01 of the Revised Code, tampering with coin machines is a felony of the fifth degree.
Previously, appellant had been convicted of tampering with coin machines. Therefore, the offense was charged as a felony of the fifth degree.
 {¶ 10} Here, on a Sunday afternoon, with no cars in the parking lot and ample on-street parking, appellant stood in front of one of the parking lot cash boxes, rotating his hands at the face of the box. When a car passed by, appellant abruptly moved away from the cash box. When the car left, appellant went back to the front of the cash box and resumed his rotational hand motion. When apprehended, appellant had a bent wire in his back pocket.
 {¶ 11} The rotation of appellant's hand at the slot in the cash box, his abrupt movement away from the box when being observed, his return to the same activity when the observation ended and the wire found in his pocket after he was apprehended support the conclusion that appellant was guilty of both offenses. A rational trier of fact could view those facts and circumstances and draw the inference that appellant had actually inserted the wire into the coin slot and was rotating the wire with his hand in an attempt to fish currency from the locked cash box. The fact that Agent Bevins could not see that appellant held something as he rotated his hand at the face of the box does not exclude the inference. There is no competing inference of innocence to explain appellant's act of rotating his hand at the face of the cash box. There is no competing inference of innocence to explain why appellant abruptly stopped rotating his hand and moved away from the cash box when a potential witness drove by, then, when the potential witness left the area, returned and resumed his actions. Even if some theory of innocence had been presented, a trier of fact is not required to accept a competing inference of innocence if the same circumstances could also permit it to infer guilt beyond a reasonable doubt. Jenks, supra.
 {¶ 12} Additionally, it is reasonable to infer that appellant acted with the intent to commit a theft offense. Where a person forces entry into a structure, it is reasonable to infer that he did so with the intent to commit a theft offense, in the absence of circumstances giving rise to a different inference. State v.Levingston (1995), 106 Ohio App.3d 433, 436; State v.Galloway, Franklin App. No. 03AP-407, 2004-Ohio-557. See, also,State v. Flowers (1984), 16 Ohio App.3d 313. The same reasoning applies to inserting an instrument into a coin machine, the functional equivalent of a trespass in a structure. Accordingly, we find that there was sufficient evidence to support the verdict of the jury.[2]
 {¶ 13} Appellant also argues that the verdict is against the manifest weight of the evidence. When a conviction is challenged as being against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Thompkins, at 387, citing State v. Martin
(1983), 20 Ohio App.3d 172, 175. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 14} We have applied the appropriate standard of review and conclude that appellant's conviction is not against the manifest weight of the evidence. Having found that the judgment of the trial court rests on sufficient evidence and is not against the manifest weight of the evidence, the first assignment of error is overruled.
 {¶ 15} Appellant's second assignment of error asserts that the trial court should have instructed the jury on the lesser offense of attempted tampering with a coin machine. No request for an instruction on attempt was made at trial. Therefore, any claim of error is waived unless the failure to instruct on the lesser charge amounts to plain error. Crim.R. 30; 52. To prevail on a plain error claim, the defendant must show that, but for the error, the outcome of the trial clearly would have been otherwise. State v. Waddy (1992), 63 Ohio St.3d 424, 437;State v. Long (1978), 53 Ohio St.2d 91.
 {¶ 16} Here, as discussed in the first assignment of error, the evidence, both direct and circumstantial, supports an inference that appellant inserted the wire found in his pocket into the coin machine with the intent to remove money. It cannot be said that, had the trial court instructed on the lesser charge of attempt, the result necessarily would have been otherwise.Waddy; Long, supra. Therefore, we do not find plain error. The second assignment of error is overruled.
 {¶ 17} Appellant's third assignment of error accuses the prosecution of "egregious, pervasive prosecutorial misconduct." (Appellant's brief, at 13.) A review of the proceedings does not support appellant's rhetoric. A party is not required to present witness testimony in a vacuum. The state is entitled to present background testimony to enable the jury to assess the credibility of the witness and the relevancy of the testimony to the issues before the jury. See State v. Thomas (1980), 61 Ohio St.2d 223,230. Witness Specht explained how self-service parking lots operated, how many parking lots Central Parking Systems operated and further explained that it was possible to break into the boxes and remove the money deposited therein. None of this background testimony was objectionable.
 {¶ 18} Appellant seizes on one point in the examination where the witness was asked if theft from company coin boxes was a problem in Franklin County. Defense counsel made no objection to the question. However, from that isolated question, appellant now concludes that "the State launched an improper argument appealing to the public sentiment and urged the jurors to consider the harm general theft and resultant vandalism to coin boxed poses to business owners." (Appellant's brief, at 14.) Again, appellant's rhetoric aside, there is no basis to find prosecutorial misconduct from this record. Assuming that the question was too general, defense counsel did not lodge a contemporaneous objection. However, immediately thereafter, defense counsel did object to the general nature of the inquiry and the prosecution moved on to the specifics of the case: whether the coin boxes normally had money in them, when the money was collected by authorized personnel and whether appellant was one of those persons authorized to remove money from the deposit boxes. (Tr. at 17-18.) There is simply no evidence of prejudice to appellant's case by the general questioning of the witness.
 {¶ 19} Appellant next assails the prosecution for "wildly improper argument during closing." (Appellant's brief, at 14.) While prosecutorial misconduct is never condoned, the conduct of a prosecuting attorney during a trial cannot be made a ground of error unless that conduct deprives a defendant of a fair trial.State v. Apanovitch (1987), 33 Ohio St.3d 19. The Supreme Court of Ohio has refused to treat prosecutorial misconduct as reversible error "except in rare instances." State v. DePew
(1988), 38 Ohio St.3d 275, 288. Both the prosecution and the defense enjoy wide latitude during opening and closing argument.State v. Loza (1994), 71 Ohio St.3d 61. Before argument will be a basis for reversal of a conviction, the misconduct of the state must be so extreme that the defendant was deprived of a fair trial. State v. Keenan (1993), 66 Ohio St.3d 402. See, also,State v. Banks, Franklin App. No. 03AP-1286, 2005-Ohio-1943, discretionary appeal not allowed by State v. Banks,106 Ohio St.3d 1417, 2005-Ohio-3154.
 {¶ 20} Appellant does not cite a specific point in the transcript where improper argument took place. Instead, appellant simply refers to the entire closing argument of the prosecution.[3] Nevertheless, we have reviewed the entire closing argument of both counsel and find that the closing arguments of counsel did not deprive appellant of a fair trial. The only arguably objectionable portion of the prosecutor's closing appears at page 74 of the transcript where the prosecutor argued that the jury should not consider the case to be insignificant because parking lot theft was a problem to the victim, the parking lot company. Defense counsel did not object to this brief comment. The comment was minor and did not deprive the defendant of a fair trial. The third assignment of error is overruled.
 {¶ 21} The fourth assignment of error raises a claim that trial counsel was ineffective. The standard for review of a claim that trial counsel was ineffective is well-known and was set out in Strickland v. Washington (1984), 466 U.S. 668. First, a court must indulge a strong presumption that counsel's performance fell within the wide range of reasonably professional assistance. Next, the accused bears the burden to demonstrate that counsel's performance fell below an objective standard of professional competence. If successful in demonstrating that counsel committed professional errors, the defendant then must demonstrate a reasonable probability that, but for the failings of counsel, there is a reasonable probability that the result of the trial would have been otherwise. Id. at 694.
 {¶ 22} Appellant asserts his trial attorney was incompetent in failing to request an instruction on the lesser charge of attempted tampering with coin machines. It is clear that even the best attorneys would not necessarily defend a criminal case in the same manner. A defendant claiming that trial counsel was ineffective must overcome the presumption that under the circumstances of a particular trial, counsel's decisions might be considered sound trial strategy. Strickland, at 689. In this case, the defendant took the position that he had committed no offense; that there was insufficient evidence to prove that he actually inserted something into the coin box with the intent to steal money. It is well within the bounds of reasonable trial strategy to argue for acquittal due to insufficient evidence and not hamstring that argument with comments that suggest that the jury might find the defendant guilty of a lesser offense. That would appear particularly true in this instance where the greatest punishment for second offense tampering with coin machines was only six months longer than the potential sentence for the lesser offense of attempt. Under the circumstances of this case, it cannot be said that the failure to request an instruction on a lesser offense amounts to ineffective assistance.
 {¶ 23} Appellant next complains that counsel failed to request a limiting instruction on the use of appellant's prior conviction to prove that element of the offense. The court did give a limiting instruction to the jury during the instructions at the close of the case. The court instructed the jury that evidence of the prior conviction was to be used only to decide that specification and not for any other purpose. (Tr. 105-106.) That the instruction was not given at the time the evidence was elicited is not significant because jurors are presumed to follow the instructions of the court.
 {¶ 24} Appellant claims his attorney was ineffective for failing to "object to the repeated improper comments of the prosecutor." (Appellant's brief, at 15.) Appellant does not specify what "repeated improper comments" were made and, as seen above in the discussion of the third assignment of error, any objectionable comments were quite minor. Counsel is not ineffective for failing to make constant objections simply because objections are technically accurate. Many seasoned trial attorneys chose carefully when to raise objections to avoid being perceived by the jury as obstructing the truth. Counsel's conduct fell well within the wide range of reasonably professional assistance guaranteed by the Sixth Amendment. Strickland, at 690.
 {¶ 25} Finally, appellant finds counsel wanting because counsel failed to raise certain errors as to sentencing. Because the underlying sentencing arguments are resolved by the recent decision of the Supreme Court of Ohio in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, infra, this facet of appellant's ineffectiveness argument also fails.
 {¶ 26} Appellant has not demonstrated that his trial counsel made errors of such magnitude that counsel's performance failed to meet the objective test of reasonably effective assistance. Moreover, it cannot be said that, but for counsel's errors, there is a strong probability that the result of the trial would have been otherwise. Therefore, the fourth assignment of error is overruled.
 {¶ 27} Appellant's fifth assignment of error is divided into two parts. First, appellant alleges that the trial court had an ex parte communication with the jury by responding to a written jury question. Second, appellant argues that although sentence was pronounced in open court in the defendant's presence, the trial court made statutory sentencing findings out of the presence of the defendant in order to justify the sentence imposed. We will discuss each part of the fifth assignment of error in order.
 {¶ 28} Appellant asserts that the trial court had an ex parte communication with the jury during deliberations. Appellate counsel states that while reviewing the trial court file for purposes of this appeal, counsel found a note that appears to be from a juror with a response that appears to be from a judge. The note is not identified by style or case number, is not signed by anyone and appears to be associated with this case only by virtue of its location in the trial court file.
 {¶ 29} Although the note was not part of the record of proceedings in the trial court, appellant indicated that the note would be the basis of a claim of error. In response, counsel for the state filed a motion in the trial court seeking to have the matter of the authenticity of the note settled by the trial judge. On January 12, 2006, the trial court conducted a conference with counsel for the parties. On January 18, 2006, following the conference, the trial judge filed a journal entry in which the judge denied any recollection of a note or jury question in this case and stated further that it was not the practice of the trial court to answer jury questions without first consulting with counsel.
 {¶ 30} A reviewing appellate court may consider only matters that are of record. We are not permitted to go beyond the record to decide issues raised in an appeal. Where there is a dispute over whether the record accurately portrays what took place in the trial court, the dispute may be submitted to the trial judge for correction or supplementation of the record if correction or supplementation is warranted. App.R. 9(E) provides as follows:
If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.
The decision of whether the record of proceedings should be corrected or supplemented is within the discretion of the trial court.
 {¶ 31} It is the province of the trial court to resolve disputes about the record. "A court of appeals can authorize correction or supplementation of the trial court's record when the accuracy of proposed changes is undisputed, In re Estate ofReeck (1986), 21 Ohio St.3d 126 * * * but the court of appeals cannot resolve disputes about the trial court's record in the course of an appeal. Associated Estates Corp. v. Fellows
(1983), 11 Ohio App.3d 112, 114." State v. Schiebel (1990),55 Ohio St.3d 71, 82.[4]
 {¶ 32} The decision of a trial court on the subject of correction or supplementation of the record will not be reversed upon appeal absent an abuse of discretion. Schiebel, supra. An "abuse of discretion" is more than an error or law or of judgment. Instead, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams
(1980), 62 Ohio St.2d 151, 157-158.
 {¶ 33} Appellant does not address the question of sufficiency of the record on appeal. Appellant's fifth assignment of error is predicated upon the assumption that the note is connected to this case; an assumption not shared by appellee.
 {¶ 34} This is not a situation where the parties agree on a missing portion of the record. The state did not concede in the trial court that the note had any connection to this case and does not concede that point in this court.[5] Therefore, the state of the record in the trial court was in dispute and subject to correction or supplementation by the trial court under App.R. 9(E) if warranted. Although the trial court was unable to identify the note as having any connection with the case, the trial court fulfilled its duty under App.R. 9(E). The state of the record remains in dispute and is not subject to change by this court. Schiebel; Associated Estates Corp., supra. Therefore, the purported jury note and response are not part of the record on appeal.
 {¶ 35} An appellate court is prohibited from determining questions on appeal that rest on matters that are outside the record. Therefore, we are prohibited from considering the first portion of the fifth assignment of error because the note is not part of the record on appeal. Even if the note were properly included in the record on appeal, the result would not necessarily change. As a general rule, any communication with the jury by either the judge or court personnel, outside the presence of the defendant or parties to the case, is error and may warrant a new trial. Schiebel, at 83. "Such private communication outside the presence of the defendant does not, however, create a conclusive presumption of prejudice. [Citations omitted.] The communication must have been of a substantive nature and in some way prejudicial to the party complaining." Id. at 84. See, also,State v. Jenkins (1984), 15 Ohio St.3d 164, paragraph 13 of the syllabus. If the communication is not substantive, the error is harmless. State v. Allen (1995), 73 Ohio St.3d 626, 630. SeeRushen v. Spain (1983), 464 U.S. 114, 104 S.Ct. 453.
 {¶ 36} An alleged ex parte communication between a judge and jury is harmless error unless a party can establish that it was prejudiced by the communication. Bostic v. Connor (1988),37 Ohio St.3d 144, paragraph four of the syllabus. Substantive matters may include discussions between a judge and juror of legal issues involved in the case, applicable law, the charge to the jury, or a fact in controversy. Orenski v. Zaremba Mgt.Co., Cuyahoga App. No. 80402, 2002-Ohio-3101. See State v.Musgrave (Apr. 24, 2000), Knox App. No. 98CA10. Thus, even where the communication involves a substantive issue, the defendant still must demonstrate that he was prejudiced by the communication. State v. Crumedy, Cuyahoga App. No. 84083,2004-Ohio-6006.
 {¶ 37} Here, the disputed note contains what appears to be a question from a jury and an answer to that question from a trial judge as follows:
[Jury] What happens if we cannot agree on a verdict on the second charge?
[Trial Court] Please don't be concerned with the "what if." Please try to reach a verdict on both charges.
 {¶ 38} Assuming for purposes of discussion that the note actually was included in the record of this case, the response of the trial court was not substantive. The court did not address any legal issues or any fact in controversy nor any law applicable to the case. In effect, the court simply told the jury not to be concerned about possible future events and to deliberate. Absent a showing of prejudice, the communication would be considered harmless error.
 {¶ 39} Appellant attempts to equate the question and response with a supplemental charge to a deadlocked jury. See State v.Howard (1989), 42 Ohio St.3d 18. In Howard, the Supreme Court of Ohio fashioned a jury instruction to be given when, after suitable deliberation, a jury indicates that it is deadlocked and unable to reach a verdict. Here, the disputed note does not state that the jury was deadlocked. Instead, the note posed a question about what would take place if the jury became deadlocked. A response that advises the jury not to be concerned about a possible future event, but to deliberate, is not the equivalent of a supplemental instruction under Howard and is not coercive.
 {¶ 40} In sum, the record on appeal does not include the questioned jury note and response. We cannot determine issues based on matters outside the record on appeal. Even if the note were properly made part of the record under App.R. 9(E), the note and response did not address any substantive matter. Therefore, the first part of the fifth assignment of error is overruled.
 {¶ 41} In the second part of the fifth assignment of error, appellant argues that although the trial court made factual findings required by statute before imposing a maximum sentence to be served consecutively to another sentence, the court made the findings outside of defendant's presence. Appellant relies upon State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. Appellee concedes error under Comer, but, as noted infra, that concession has been rendered unnecessary under a more recent series of cases decided by the Supreme Court of Ohio.
 {¶ 42} As adopted by the General Assembly, effective July 1, 1996, R.C. Section 2929.14(B) and (C) requires a court to make factual findings before a maximum sentence may be imposed while R.C. 2929.14(E)(4) and (A) require that the trial court make additional factual findings before consecutive sentences may be imposed. These sections have been declared unconstitutional and have been severed from the remaining portions of the Ohio sentencing statutes. Foster, supra. As a result, judicial fact finding for the sentencing process is no longer required. Instead, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster,
paragraph seven of the syllabus.
 {¶ 43} As a result of the Foster decision, the judicial fact finding mandated by Comer, supra, no longer survives.State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 26. Accordingly, the trial court was not required to make any findings on the record before imposing the maximum sentence for appellant's tampering with coin machines conviction or before ordering that sentence to be served consecutively with the six months minimum sentence for possession of criminal tools. Hence, whether made in or out of the defendant's presence, the factual findings have no impact on the court's authority to sentence the defendant or upon the defendant's right to be present.
 {¶ 44} The record shows that the defendant was present in open court for his sentencing. Appellant was addressed in open court by the trial court before sentence was imposed. Appellant gave a statement before sentence was imposed. Therefore, the second portion of appellant's fifth assignment of error lacks merit. The fifth assignment of error is overruled.
 {¶ 45} The sixth assignment of error asserts that the trial court failed to make adequate factual findings before imposing a maximum sentence to be served consecutively with another sentence. As with the fifth assignment of error, Foster renders the sixth assignment of error moot.
 {¶ 46} In his seventh and final assignment of error, appellant raises a claim that he was denied his Sixth Amendment right to have a jury determine the facts that were required by statute to be found before a maximum and/or consecutive sentence could be imposed. Appellant's Sixth Amendment claim arises from the decision of the United States Supreme Court in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. Appellant did not raise a Sixth Amendment Blakely claim in the trial court.
 {¶ 47} As noted, sections 2929.14(B), (C) and (E)(4) and2929.41(A) of the Revised Code have been declared unconstitutional and severed from the remaining portions of the Ohio sentencing statutes. Foster, supra. Foster appliedApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakely to Ohio's sentencing statutes. Foster applies to cases pending on direct appeal when it was announced. However, there is no reason why "ordinary prudential doctrines" such as waiver, may not be applied in cases where Blakely error could have been raised, but was not raised in the trial court. UnitedStates v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738.
 {¶ 48} Foster followed the remedial path set out inBooker. The language in Booker fits squarely with prior holdings of Ohio courts that routinely have applied the doctrine of waiver. See, e.g., State v. Comen (1990), 50 Ohio St.3d 206, citing State v. Williams (1977), 51 Ohio St.2d 112, 116-117, vacated in part on other grounds, Williams v. Ohio (1978),438 U.S. 911, 98 S.Ct. 3137; State v. Broom (1988),40 Ohio St.3d 277, 288-289. The "failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation of this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Awan (1986), 22 Ohio St.3d 120, syllabus.
 {¶ 49} None of the litigants in Foster raised theirSixth Amendment Blakely claims at the trial level because their guilty pleas or guilty findings occurred before Blakely was decided.[6] Accordingly, the state's waiver argument inFoster was rejected and each of the cases were remanded to the trial court for re-sentencing. However, Foster does not appear to have rejected those "ordinary prudential doctrines," such as waiver, in all cases involving a Blakely claim.
 {¶ 50} There appears to be no reason why the traditional doctrine of waiver should not apply to claims that the Ohio sentencing statutes violate the principles of Blakely where the sentencing took place after the announcement of that decision. The Ninth Appellate District so held in State v. Dudukovich,
Lorain App. No. 05CA008729, 2006-Ohio-1309. Recently, this court applied the doctrine of waiver to Blakely claims under similar circumstances. State v. Draughon, Franklin App. No. 05AP-860, 2006-Ohio-2445.
 {¶ 51} Blakely was decided on June 24, 2004. Appellant was sentenced in open court on April 12, 2005 and that sentence was journalized on April 14, 2005. Appellant could have, but did not raise a Sixth Amendment Blakely claim in the trial court at the time of his sentencing. Therefore, we are free to apply those "ordinary prudential doctrines" and find that appellant waived any Sixth Amendment Blakely claim in this case. See Booker,
supra. The seventh assignment of error is overruled.
 {¶ 52} Having overruled each of appellant's seven assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and Whiteside, JJ., concur.
Whiteside, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.
[1] Prior to joining the DEA, Bevins was a police officer with 15 years of experience working patrol, narcotics and homicide.
[2] Having found it reasonable to infer that appellant inserted the wire into the cash box, we need not engage in a discussion of whether "tamper" requires proof of physical entry into a coin machine.
[3] See App.R. 16(A)(3) and (6).
[4] If the trial court refuses to rule on a motion to correct or supplement the record, an action for a writ of mandamus or procedendo may be appropriate to compel the trial court to act. See Whiteside, Ohio Appellate Practice (1993), 56, Section T. 4.07(D) as cited in State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 593. That is not the case here where the trial court did comply with App.R. 9(E).
[5] Without conceding that the note is properly a part of the record on appeal, the state has presented an argument that even if properly made a part of the record in this case, the note does not deal with substantive matters and any ex parte contact would be harmless error.
[6] Blakely was decided on June 24, 2004.