The STATE of Ohio, Appellee,

v.

CLINKSCALE, Appellant.

[Cite as *State v. Clinkscale*, 177 Ohio App.3d 294, 2008-Ohio-1677.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 06AP–1109.

Decided April 8, 2008.

298

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, for appellee.

William S. Lazarow, for appellant.

---

KLATT, Judge.

{¶ 1} Defendant-appellant, David B. Clinkscale, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.

{¶ 2} Early in the morning of September 8, 1997, Kenneth Coleman and his wife, Todne Williams, were shot multiple times. Coleman died from his injuries, but Williams survived the attack. Williams later identified appellant as the person who shot her and her husband.

{¶ 3} Appellant was indicted on three counts of aggravated murder, one count of attempted aggravated murder, one count of aggravated burglary, two counts of aggravated robbery, and one count of kidnapping. Each count also contained a firearm specification. In 1998, a jury convicted appellant of all counts. This court affirmed those convictions. *State v. Clinkscale* (Dec. 23, 1999), Franklin App. No. 98AP–1586, 2000 WL 775607. The Supreme Court of Ohio denied review. *State v. Clinkscale* (2000), 88 Ohio St.3d 1482, 727 N.E.2d 132.

{¶ 4} Subsequently, the United States Sixth Circuit Court of Appeals overturned the convictions and ordered the state to retry appellant because his trial counsel provided ineffective assistance when he failed to timely file a notice of alibi, which prevented the admission of evidence tending to support appellant's alibi defense. *Clinkscale v. Carter* (C.A.6, 2004), 375 F.3d 430, 443–445.

{¶ 5} At his retrial, Williams again testified that appellant was the man who shot her and her husband. Appellant's father testified that appellant was in Youngstown, Ohio on the morning of the attack. The state presented rebuttal testimony from Rhonda Parker, who testified that appellant asked her to lie about his whereabouts on the morning of the attack. The jury rejected appel-

lant's alibi defense and convicted him of all counts. The trial court sentenced him accordingly.

{¶ 6} Appellant appeals and assigns the following errors:

Assignment of Error No. I:

Prosecutorial misconduct deprived David Clinkscale of his rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the U.S. Federal Constitution and Article I, § 2, 10, and 16 of the Ohio Constitution.

Assignment of Error No. II:

The trial court erred in permitting the state to introduce improper and prejudicial testimony, and in revoking Clinkscale's bond in the middle of trial when he had appeared at all hearings and acted in accordance with the advice given by his attorneys. As a result, the trial court violated David Clinkscale's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the U.S. Federal Constitution and Article I, § 2, 10, and 16 of the Ohio Constitution.

Assignment of Error No III:

The trial court erred in issuing an *ex parte* coercive instruction to the deliberating jury in response to a question implying that they might be hung, thereby violating David Clinkscale's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the U.S. Federal Constitution and Article I, § 2, 10, and 16 of the Ohio Constitution.

Assignment of Error No. IV:

The trial court erred in its *ex parte* meeting and excusal of a deliberating juror thereby violating David Clinkscale's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the U.S. Federal Constitution and Article I, § 2, 10, and 16 of the Ohio Constitution.

Assignment of Error No V:

The trial court erred in issuing a coercive instruction to the deliberating jury in response to a question implying that there was a single holdout juror, thereby violating David Clinkscale's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the U.S. Federal Constitution and Article I, § 2, 10, and 16 of the Ohio Constitution.

Assignment of Error No. VI:

The representation provided to David Clinkscale fell far below the prevailing norms for counsel in a criminal case, was unreasonable, and affected the outcome in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments as well as Art. I, § 2, 9, 10, and 16 of the Ohio Constitution.

{¶ 7} After oral argument, this court requested that counsel for both parties brief issues raised during oral argument concerning Crim.R. 24. Accordingly, appellant supplemented his fourth assignment of error with the following:

The trial court erred when it * * * directed an alternate juror to be sworn in to continue deliberations.

Appellant also claimed that trial counsel's failure to object to the trial court's dismissal of the deliberating juror or to request a mistrial constituted ineffective assistance of counsel as alleged in his sixth assignment of error.

{¶ 8} We address appellant's second assignment of error first. Appellant contends that the trial court erred when it (1) admitted Peter Davis's testimony and (2) revoked appellant's bond in the middle of trial. We disagree.

{¶ 9} The state presented testimony from Peter Davis, who traveled with appellant and Coleman to a dog fight in Kentucky the day before Coleman was murdered. Over appellant's objection, Davis testified that he had a bad feeling about appellant and on the drive home told Coleman to "be careful and watch himself" with appellant. Appellant argues that Davis's testimony was improperly admitted because the probative value of the testimony was substantially outweighed by the danger of unfairly prejudicing or misleading the jury. See Evid.R. 403(A) ("Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice * * * or of misleading the jury").

{¶ 10} Appellant's counsel did not object to Davis's testimony on these grounds at trial.[1] Thus, appellant has waived this argument absent plain error. *State v. Johnson*, Franklin App. No. 05AP–12, 2006-Ohio-209, 2006 WL 158628, at ¶ 17; *State v. Tolliver*, Franklin App. No. 02AP–811, 2004-Ohio-1603, 2004 WL 625683, at ¶ 98. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court. Crim.R. 52(B). For there to be plain error, a reviewing court must find (1) an error, (2) that the error was an obvious defect in the trial proceedings, and (3) that the error affected substantial rights, that is, the trial court's error must have affected the outcome of the trial. *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240. Stated differently, the defendant must show that "but for the error, the outcome of the trial clearly would have been otherwise." *State v. Long* (1978), 53 Ohio St.2d 91, 97, 7 O.O.3d 178, 372 N.E.2d 804.

{¶ 11} Even if error is plain, an appellate court is not required to correct it. *State v. Cunningham*, Franklin App. No. 01AP–1375, 2002-Ohio-4312, 2002 WL 1937392, at ¶ 26. The Supreme Court of Ohio has noted this discretionary

---

1. Appellant's trial counsel objected to the testimony as improper character evidence.

aspect of the rule by stating that notice of plain error should be taken "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus.

{¶ 12} Exclusion of evidence on the basis of unfair prejudice involves more than a balance of mere prejudice, and emphasis must be placed on the word "unfair." *Oberlin v. Akron Gen. Med. Ctr.* (2001), 91 Ohio St.3d 169, 172, 743 N.E.2d 890, citing *Ede v. Atrium S. OB–GYN, Inc.* (1994), 71 Ohio St.3d 124, 642 N.E.2d 365. Unfair prejudice is that quality of evidence that might result in an improper basis for a jury decision. Id. Evidence that arouses emotions, evokes a sense of horror, or appeals to an instinct to punish may be unfairly prejudicial. *State v. Cooper* (2002), 147 Ohio App.3d 116, 768 N.E.2d 1223, at ¶ 57; *Oberlin* (unfairly prejudicial evidence appeals to emotions rather than intellect).

{¶ 13} The trial court did not plainly err when it admitted Davis's testimony. The testimony was not unfairly prejudicial, as it did not appeal to the jury's emotions or instinct to punish but rather described Davis's observations and concerns about appellant. Nor can we say that but for the admission of the testimony, the outcome would clearly have been different. Appellant's conviction resulted primarily from Williams's identification of appellant as the shooter. Davis's testimony did not affect the credibility of that identification.

{¶ 14} Moreover, the admission or exclusion of relevant evidence rests within the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus. Thus, an appellate court will reverse the trial court's decision to admit testimony only if the court abused its discretion. *State v. Condon,* 152 Ohio App.3d 629, 2003-Ohio-2335, 789 N.E.2d 696, at ¶ 80; *State v. Cunningham,* Franklin App. No. 06AP–145, 2006-Ohio-6373, 2006 WL 3491743, at ¶ 33. "Abuse of discretion" connotes more than an error of law; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Widder* (2001), 146 Ohio App.3d 445, 766 N.E.2d 1018, at ¶ 6. The trial court did not abuse its discretion by admitting Davis's testimony under these circumstances.

{¶ 15} Next, appellant contends that the trial court erred when it revoked his bond during trial. We disagree.

{¶ 16} After his convictions were overturned by the federal court, appellant was released from custody on bond and placed under house arrest. He was monitored through the use of an ankle bracelet. During this trial, appellant was housed at a local hotel. On Tuesday, September 5, 2006, after the long Labor Day weekend, the prosecutor asked the trial court, outside the presence of the jury, to revoke appellant's bond. According to the prosecutor, she had received a

phone call on Saturday, September 2, from Mark Gains, who works for the house-arrest program. He informed the prosecutor that appellant had unplugged his monitoring device and left his hotel room without notifying anyone. Apparently, appellant went to his home in Youngstown, Ohio. Later in the afternoon, he was hooked up to a monitoring device in Youngstown.

{¶ 17} Appellant's counsel admitted that they told appellant he could go home to Youngstown over the long weekend. Counsel told the court that they assumed appellant would be allowed to go to Youngstown for the long weekend because that is where appellant lived, and it would be ludicrous to require appellant to spend the long weekend in a hotel room in Columbus, Ohio. Nevertheless, the trial court revoked appellant's bond.

{¶ 18} We review a trial court's actions regarding bond under an abuse-of-discretion standard. See *In re Scherer* (Oct. 1, 2001), Mahoning App. No. 01 C.A. 167, 2001 WL 1198989. When an accused is free on bail, and the court determines that the accused violated the conditions of bail, whether express or implied, the accused is subject to the trial court's sanctioning authority for violating a condition, including revocation of bail. *In re Mason* (1996), 116 Ohio App.3d 451, 454, 688 N.E.2d 552.

{¶ 19} Appellant was placed under house arrest as a condition of his bond. During his trial, his "house" was a local hotel. However, without getting the trial court's permission, appellant unplugged his monitoring device and went to Youngstown. Appellant was not monitored during his trip from Columbus to Youngstown. This conduct violated the condition of bond that appellant remain under house arrest, notwithstanding his counsel's belief that appellant could go home for the long weekend. The trial court did not abuse its discretion by revoking appellant's bond after learning of appellant's violation.

{¶ 20} Additionally, appellant cannot show that he was prejudiced by his bond revocation. *State v. Monzo* (Mar. 14, 1995), Franklin App. No. 94APA06–867, 1995 WL 116685. His only allegation of prejudice is speculation that the jury "had to realize something had changed." Such speculation is insufficient to show that appellant was prejudiced by the trial court's revocation of his bond.

{¶ 21} Appellant's second assignment of error is overruled.

{¶ 22} In his first assignment of error, appellant contends that prosecutorial misconduct deprived him of a fair trial. Specifically, appellant contends that the prosecutor improperly presented Davis's unreliable testimony to appeal to the passions of the jury and improperly sought to revoke appellant's bond in the middle of trial. Again, we disagree.

{¶ 23} The test for prosecutorial misconduct is whether the remarks were improper and, if so, whether they prejudicially affected the accused's substantial rights. *State v. Smith* (1984), 14 Ohio St.3d 13, 14–15, 14 OBR 317, 470 N.E.2d 883; *State v. Thompson*, 161 Ohio App.3d 334, 2005-Ohio-2508, 830 N.E.2d 394, at ¶ 30. Generally, prosecutorial misconduct is not a basis for overturning a criminal conviction, unless, on the record as a whole, the misconduct can be said to have deprived the defendant of a fair trial. *State v. Lott* (1990), 51 Ohio St.3d 160, 166, 555 N.E.2d 293. The focus of that inquiry is on the fairness of the trial, not the culpability of the prosecutor. *State v. Bey* (1999), 85 Ohio St.3d 487, 495, 709 N.E.2d 484.

{¶ 24} As previously discussed, Davis's testimony was not unfairly prejudicial. Nor did the trial court abuse its discretion by admitting Davis's testimony. Therefore, the prosecutor did not engage in misconduct by offering Davis's testimony regarding concerns that Davis had about appellant. In addition, given appellant's violation of a condition of his bond, the prosecutor did not engage in misconduct by seeking the revocation of appellant's bond. Because appellant has not demonstrated prosecutorial misconduct, we overrule his first assignment of error.

{¶ 25} Appellant's third, fourth, and fifth assignments of error challenge the procedures used by the trial court in dealing with the jury, and therefore, we will address them together.

{¶ 26} Shortly after the jury began its deliberations on the afternoon of Friday, September 8, 2006, the jury wrote a note asking the trial court, "What would require declaration of hung jury?" The trial court wrote back, "Many more hours of deliberations." Within ten minutes of that reply, the jury sent another note to the trial court, which read:

We have one member who is not comfortable making a guilty verdict based on the testimony of one person (in this case Todne Williams). This inability is not specific to this witness. The juror does not believe a guilty verdict could ever be declared without more evidence. This issue appears to not be resolvable with more time and discussion. Any advice would be appreciated.

{¶ 27} After receiving that note, the trial court adjourned the proceedings until the following Monday morning. The following Monday, a new trial judge was sitting in for the original trial judge. Before addressing the jury, the new trial judge stated on the record that she had excused one of the deliberating jurors due to a medical issue. Neither party objected to the trial court's action. The new trial judge then swore in an alternate juror to replace the deliberating juror.

{¶ 28} The new trial judge then addressed the jury's note. The new trial judge instructed the jury that "[t]he testimony of one witness that is believed by you is

sufficient to prove any fact." The new trial judge also instructed the jury that due to the addition of an alternate juror to the jury, it should "go through all of the evidence again as if you're just starting your deliberations so that he [the alternate juror] has the benefit of seeing all of the evidence, and any discussions you may have, he may be part of." Before the morning was done, the jury returned its guilty verdicts.

{¶ 29} Appellant first directs our attention to the trial court's response that "many more hours of deliberations" would be required before it would declare a hung jury. Appellant contends that the trial court responded to the question without consulting with his counsel and in his absence and that the response was incorrect and coercive. We disagree.

{¶ 30} According to the trial transcript, the jury submitted the written question to the trial court at 4:40 p.m. The transcript states, "The Court returned the following answer: Many more hours of deliberations." The written answer itself indicates that it was written by the trial court at 4:40 p.m. There is no indication that the trial court consulted with appellant or his counsel before answering the jury's question. Nor does it appear that counsel were present when the trial court answered the jury's first question. Appellant's counsel objected to the trial court's answer after the fact, claiming that he had not been consulted before the trial judge responded to the question.

{¶ 31} A trial court errs when it does not provide a defendant with an opportunity to be heard before it responds to a jury question. *State v. Thomas,* Cuyahoga App. No. 81393, 2003-Ohio-2648, 2003 WL 21196541, at ¶ 27, citing *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 149, 524 N.E.2d 881. Additionally, an ex parte communication between a judge and a jury is also error that may warrant the ordering of a new trial. *Bostic; State v. Cook,* Franklin App. No. 05AP–515, 2006-Ohio-3443, 2006 WL 1824988, at ¶ 35.

{¶ 32} Although the trial court erred when it answered a jury question without first consulting with counsel for appellant and the state, the error was harmless. *Bostic,* 37 Ohio St.3d at 149–150, 524 N.E.2d 881 (applying harmless-error analysis); *State v. Hill* (1995), 73 Ohio St.3d 433, 444, 653 N.E.2d 271 (noting that trial court's ex parte communication was not necessarily prejudicial error); *Cook,* 2006-Ohio-3443, 2006 WL 1824988, at ¶ 36. Such an error is harmless if the communication is not substantive or where there is " 'no possibility that the jury's conclusion was influenced by the court's reply.' " *State v. Allen* (1995), 73 Ohio St.3d 626, 630, 653 N.E.2d 675, quoting *Bostic,* 37 Ohio St.3d at 150, 524 N.E.2d 881.

{¶ 33} Shortly after beginning deliberations, the jury asked, "What would require declaration of a hung jury?" The trial court responded, "Many more

hours of deliberation." This response must be viewed in the context of when the question was asked. Essentially, the answer the trial court gave was that it was far too early for the jury to worry about reaching an impasse in deliberations. The trial court's answer was not substantive in nature. See *Allen*, 73 Ohio St.3d at 630, 653 N.E.2d 675 (noting that any error involved in ex parte communication was harmless because communication was not substantive); *State v. Tate* (Dec. 11, 1985), Summit App. No. 12111, 1985 WL 4384 (trial court's response to jury question that it should continue deliberations, given without notifying counsel, was innocuous and not prejudicial); *Cook*, 2006-Ohio-3443, 2006 WL 1824988, at ¶ 38 (trial court response was not substantive when court did not address facts in controversy or law applicable to the case). Given the nature and timing of the jury's question and the trial court's response, the trial court's failure to consult with appellant's counsel prior to providing the answer was harmless error. Moreover, the jury's follow-up question further illustrates the insignificance of the trial court's response to the jury's first question.

■■■ {¶ 34} Appellant also claims that the trial court's response was coercive. We disagree. The jury had been deliberating for only a short time when it asked about a hung jury. The trial court told the jury, in essence, to continue deliberating. Given the short period of time the jury had been deliberating, that response was reasonable and not inherently coercive. *State v. Bedford* (1988), 39 Ohio St.3d 122, 126, 529 N.E.2d 913 (noting that that judge's response to a question about a possible deadlock situation that instructed the jury to continue deliberating was a "reasonable response"); see also *State v. Gulertekin* (Dec. 3, 1998), Franklin App. No. 97APA12–1607, 1998 WL 831463 (instruction to "go back there and deliberate on this case" not reversible error); *State v. Long* (Oct. 12, 2000), Cuyahoga App. No. 77272, 2000 WL 1514330 (response that jury should "continue to deliberate" after only a few hours of deliberations was not coercive); *State v. Boose* (Mar. 25, 1994), Lucas App. No. L–93–095, 1994 WL 101961 (same); *United States v. Kramer* (C.A.7, 1992), 955 F.2d 479, 489 (an instruction to continue to deliberate was content-neutral and not in error). Therefore, we overrule appellant's third assignment of error.

{¶ 35} Appellant next directs our attention to the manner in which the trial court dismissed a deliberating juror and replaced that juror with an alternate juror.[2] Crim.R. 24(G)(2), which governs alternate jurors in capital cases, pro-

---

2. The trial court held an ex parte meeting with the deliberating juror before it dismissed the juror. Although appellant claims this as error, he does not allege how he was prejudiced by this meeting. *Bostic*, supra (ex-parte meeting with juror reviewed under harmless-error analysis). However, any prejudicial error that may have occurred would result from the trial court's decision to dismiss the juror, not the process used to dismiss that juror. That alleged error is fully addressed in this assignment of error.

vides, "No alternate juror shall be substituted during any deliberation." The state concedes that the trial court violated this rule when it substituted an alternate juror during the jury's deliberations.

{¶ 36} Notwithstanding the trial court's error, the state makes two arguments in support of an affirmance. First, the state contends that the rule is unconstitutional because it conflicts with two statutes dealing with the substitution of jurors. The state also argues that appellant did not object to the substitution and that the error does not rise to the level of plain error. Constitutional questions will not be decided until the necessity for a decision arises on the record before the court. *State v. Spikes* (1998), 129 Ohio App.3d 142, 145, 717 N.E.2d 386, citing *Christensen v. Bd. of Commrs. on Grievances & Discipline of the Supreme Court of Ohio* (1991), 61 Ohio St.3d 534, 535, 575 N.E.2d 790. Therefore, we first address whether the trial court committed plain error when it substituted a juror during the jury's deliberations.

{¶ 37} The trial court stated on the record that it had dismissed a juror and was going to swear in an alternate juror. Appellant's counsel did not object to the trial court's replacement of the original juror at that time, even though given the opportunity.[3] Thus, appellant must demonstrate plain error. See *State v. Fisher* (Mar. 12, 1996), Franklin App. No. 95APA04–437, 1996 WL 112670 (considering former Crim.R. 24(F) governing alternate jurors and noting that failure to object to error requires plain-error analysis); *State v. Bowling* (Feb. 8, 1996), Franklin App. No. 95APA05–599, 1996 WL 52892 (finding plain error when trial court replaced a juror with an alternate juror after deliberations began, without instructing jury to begin deliberations anew); *State v. Ramjit* (Feb. 15, 2001), Cuyahoga App. No. 77337, 2001 WL 128081 (applying plain-error analysis to trial court's replacement of juror with alternate juror after deliberations began); *State v. Armstrong,* Cuyahoga App. No. 81114, 2002-Ohio-6053, 2002 WL 31479015, at ¶ 29 (same).

{¶ 38} In determining whether plain error has occurred when a trial court has improperly substituted a juror, the Eighth District Court of Appeals has looked to a number of factors: (1) whether the substitution was done in open court in the presence of counsel, (2) whether counsel agreed to the substitution, (3) whether counsel objected, (4) whether the jury was instructed to begin deliberations anew, (5) the length of time the jury had been deliberating prior to the substitution, and (6) any prejudice shown by the defendant. Id. This court has also considered whether the trial court instructed the new jury to deliberate anew. *Bowling*; *Fisher.*

---

3. Trial counsel objected to the process three weeks later at appellant's sentencing hearing.

{¶ 39} Applying these factors to the present case, we find no plain error. While the trial court did remove the deliberating juror off the record, the judge informed counsel on the record of its action before it swore in the alternate juror. At that point, appellant's trial counsel had an opportunity to object to the trial court's dismissal of the deliberating juror but failed to do so. The jury had been deliberating for only a few hours when the deliberating juror was replaced with the alternate juror, and the trial court instructed the jury that it should go over all of the evidence again as if they had started deliberations over. Appellant's only claim of prejudice is based on the assumption that if his counsel had objected, the trial court would have declared a mistrial. We will not make that assumption. Having found no plain error in the trial court's replacement of a deliberating juror with an alternate juror, we overrule his fourth assignment of error.

{¶ 40} Lastly, appellant challenges the trial court's response to the jury's second question on Friday, September 8, 2006. That question indicated that one juror was uncomfortable finding any defendant guilty based solely on the testimony of a single witness. Therefore, the jury sought advice from the trial court. When the trial resumed on Monday morning, appellant's counsel proposed additional jury instructions for the trial court to give the jury. These included instructing the jurors that they each have a right and responsibility to make their own determinations about weight and credibility, they each must make their individual judgments, they should consult with the other jurors and consider one another's views in order to reach an agreement, without disturbing their individual judgment, and they should not surrender honest convictions or principles. The trial court noted that its original jury instructions already contained all of the language proposed by appellant.

{¶ 41} The trial court then instructed the jury that it should "not decide any issue of fact merely on the basis of the number of witnesses who testified on that side of the issue. Rather, the final test in judging evidence should be the force and the weight of the evidence regardless of the number of witnesses on each side of the issue. The testimony of one witness that is believed by you is sufficient to prove any fact." The trial court additionally provided some guidance for resolution of discrepancies in a witness's testimony.

{¶ 42} Appellant claims the trial court's additional instruction lacked balance, was coercive, and was directed only to the minority jurors.[4] We disagree.

---

4. The factors appellant highlights apply to a *Howard* charge, which a trial court gives when it believes a jury is deadlocked. *State v. Howard* (1989), 42 Ohio St.3d 18, 537 N.E.2d 188. Appellant does not contend that the trial erred by failing to give a *Howard* charge.

{¶ 43} It is within the sound discretion of the trial court to provide supplemental instructions in response to a question from the jury. *State v. Thompson* (Nov. 10, 1997), Franklin App. No. 97APA04–489, 1997 WL 710446, citing *State v. Maupin* (1975), 42 Ohio St.2d 473, 486, 71 O.O.2d 485, 330 N.E.2d 708. The trial court's response, when viewed in its entirety, must constitute a correct statement of the law and be consistent with or properly supplement the jury instructions that have already been given. *State v. Hull,* Mahoning App. No. 04 MA 2, 2005-Ohio-1659, 2005 WL 775885, at ¶ 45; *Sabina v. Kress,* Clinton App. No. CA2006–01–001, 2007-Ohio-1224, 2007 WL 805607, at ¶ 15; *State v. Letner* (Feb. 23, 2001), Greene App. No. 2000–CA–58, 2001 WL 173205. " 'A reversal of a conviction based upon a trial court's response to such a request requires a showing that the trial court abused its discretion.' " *State v. Young,* Franklin App. No. 04AP–797, 2005-Ohio-5489, 2005 WL 2650010, at ¶ 35, quoting *State v. Carter* (1995), 72 Ohio St.3d 545, 553, 651 N.E.2d 965.

{¶ 44} The jury asked whether a guilty finding could be based on one witness's testimony. The trial court correctly instructed the jury that the testimony of any witness is sufficient, if believed, to prove any fact. This statement of law was not in the trial court's original instructions. The additional instruction was a correct statement of law and properly supplemented the original instructions to address the jury's question and to aid the jury in its deliberations. We fail to see how this supplemental instruction was coercive, lacked balance, or was addressed only to minority jurors. The trial court did not abuse its discretion by providing the jury with this supplemental instruction. Appellant's fifth assignment of error is overruled.

{¶ 45} In his sixth assignment of error, appellant contends that he received ineffective assistance of counsel. Specifically, he points out that his trial counsel failed to timely and adequately object to the alleged errors raised in the preceding assignments of error. He claims that there is a reasonable probability that but for counsel's failures, the result of the trial would have been different. We disagree.

{¶ 46} In order to prevail on a claim of ineffective assistance of counsel, appellant must meet the two-prong test enunciated in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; accord *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show that counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Appellant may prove that counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were

outside the wide range of professionally competent assistance. *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052, 80 L.Ed.2d 674. In analyzing the first prong of *Strickland,* there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. Appellant must overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy. Id., 104 S.Ct. 2052, 80 L.Ed.2d 674, citing *Michel v. Louisiana* (1955), 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83.

{¶ 47} If appellant successfully proves that counsel's assistance was deficient, the second prong of the *Strickland* test requires appellant to prove prejudice in order to prevail. Id. at 692, 104 S.Ct. 2052, 80 L.Ed.2d 674. To meet that prong, appellant must show that counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable. Id. at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Appellant would meet this standard with a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶ 48} We have already found no prosecutorial misconduct as alleged in assignment of error one and no error in the trial court's admission of Davis's testimony and decision to revoke appellant's bond as alleged in assignment of error two. Thus, trial counsel's failure to object to these errors is neither deficient conduct nor prejudicial. Additionally, because we have also determined that the substance of the trial court's instructions to the jury was not erroneous, as alleged in assignments of error three and five, trial counsel's failure to object to those instructions is also not deficient or prejudicial. *State v. Hand,* 107 Ohio St.3d 378, 2006-Ohio-18, 840 N.E.2d 151, at ¶ 216–221 (finding no ineffective assistance of counsel where no prejudice demonstrated); *State v. Gales* (1999), 131 Ohio App.3d 56, 65, 721 N.E.2d 497.

{¶ 49} Trial counsel did not timely object to the trial court's failure to provide him with an opportunity to be heard before it responded to the jury's question about what it would take to declare a hung jury. Assuming that the failure constituted deficient performance, we have already determined that these errors were not prejudicial to appellant, given the innocuous and nonsubstantive content of the trial court's response. Thus, appellant cannot demonstrate prejudice as a result of any alleged deficient performance. *Hand.*

{¶ 50} Finally, trial counsel failed to object to the trial court's improper substitution of a deliberating juror. Having found no plain error in the trial court's replacement of a deliberating juror, it is clear that appellant cannot

establish actual prejudice as required by *Strickland.* See *State v. Mosley,* Franklin App. No. 05AP–701, 2006-Ohio-3102, 2006 WL 1681401, at ¶ 37; *State v. Woodson,* Franklin App. No. 03AP–736, 2004-Ohio-5713, 2004 WL 2406564, at ¶ 20–22; *State v. Myers,* Fayette App. No. CA2005–12–035, 2007-Ohio-915, 2007 WL 641513, at ¶ 35.

{¶ 51} Therefore, we overrule appellant's sixth assignment of error.

{¶ 52} Having overruled appellant's six assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

TYACK, J., concurs separately in part.

WHITESIDE, J., dissents.

WHITESIDE, J., retired, of the Tenth Appellate District, sitting by assignment.

TYACK, Judge, concurring separately in part.

{¶ 53} The fourth assignment of error presents a particularly difficult problem. The jury on this capital case could not consider a death sentence because a death sentence had been rejected in an earlier trial. The jury began deliberations on a Friday afternoon and deliberated for over three hours before recessing until the following Monday.

{¶ 54} On Monday morning, one of the jurors complained of heart palpitations and asked to be excused from further involvement. Counsel for both parties were advised of the situation and expressed no disagreement with the juror's being excused. Counsel were more concerned about the content of a charge that was to be given to the jury in response to a jury question from the preceding Friday. Counsel for the defense did not express disagreement with the juror's being excused either to counsel for the state of Ohio or to the judge who was handling the case that day for the original trial judge.

{¶ 55} Later, the trial judge handling the case that day announced in open court that the alternate was to be seated and had the oath administered to the alternate in open court with counsel for the parties and the defendant present. Shortly thereafter, the judge instructed the jury to begin its deliberations over, since the alternate had not participated in the first three hours of deliberations. Neither counsel nor the appellant objected to this procedure.

{¶ 56} Crim.R. 24(G)(2) states:

    **Capital cases.** The procedure designated in division (F)(1) of this rule shall be the same in capital cases, except that any alternate juror shall continue to serve if more than one deliberation is required. If an alternate juror replaces

a regular juror after a guilty verdict, the court shall instruct the alternate juror that the juror is bound by that verdict. No alternate juror shall be substituted during any deliberation. Any alternate juror shall be discharged after the trial jury retires to consider the penalty.

{¶ 57} Because deliberations began anew, both counsel and the trial judge could have interpreted this case as a situation where the juror was not substituted during deliberations. No one discussed Crim.R. 24(G)(2) at the time of the substitution.

{¶ 58} The better procedure would have been to dismiss the juror with heart palpitations in open court with counsel present and with the defendant present. Other options could have been considered by all, including allowing a jury of 11 to conclude the case and declaring a mistrial. Excusing the juror from the judge's chambers with no contemporaneous discussion on the record and no requirement for defense counsel to express agreement or disagreement on the record before the juror was excused is not a good way to handle the case.

{¶ 59} Based on the record before us, we can only infer that counsel and the defendant did not disagree with the fact of the necessity to excuse the juror. Neither did counsel or the defendant express any dissatisfaction with seating the alternate and beginning deliberations anew. Under the circumstances, I cannot view the case as presenting reversible error.

WHITESIDE, Judge, dissenting.

{¶ 60} Being unable to concur with the majority or concurring opinions, I must respectfully dissent and would sustain all six assignments of error and remand the case to the trial court for a new trial for the reasons that follow.

{¶ 61} The majority overrules the second assignment of error because trial counsel failed to object upon the grounds reached on appeal. However, trial counsel did object to the admission of the prejudicial evidence that was obviously inappropriate evidence of comments made by the witness not to defendant but to a companion during a trip to Kentucky because he had a "bad feeling" about appellant. The objection made by counsel should have been sustained, and it was plain error to admit that testimony, which was not relevant to the issues.

{¶ 62} The first assignment of error raises the issue of prosecutorial misconduct depriving defendant of fundamental constitutional rights. The witness in question was the same witness involved in the second assignment of error. For the same reasons, this assignment of error is well taken because the admission of this evidence which was not relevant and was based upon the witness's feelings and beliefs about appellant, not actual knowledge of relevant facts.

{¶ 63} The third, fourth, and fifth assignments of error are considered together by the majority. They will also be so discussed in this dissent. They relate to the unusual proceedings of the trial judge. The original trial judge presided through Friday, September 8, 2006, and submitted the case to the jury. After considerable deliberations, the jury sent a note inquiring as to what would constitute a hung jury, and the judge returned a reply that "[m]any more hours of deliberations" would be required. The jury then requested advice, indicating that one juror was having difficulty basing a guilty verdict upon the testimony of one of the witnesses, but this difficulty or "inability was not specific to just that one witness." The trial court did not respond to the question but instead sent the jury home for the weekend to reconvene Monday morning.

{¶ 64} However, on Monday morning, the trial judge was not there. Instead, a different judge of the trial court appeared to preside. However, the new judge, when she entered the courtroom, told the parties on the record that she had sua sponte excused one of the deliberating jurors due to a medical issue. This new trial judge then replaced the excused juror with an alternate juror. The new judge then addressed the note left unanswered by the original trial judge even though the excused juror was the juror referred to in the note. The state has conceded error by the new trial judge's ex parte excusing a deliberating juror. An after-the-fact objection was futile. The juror was excused and no longer available. In light of the state's concession of error, assignment of error four should be sustained, since the prejudicial nature of the error is obvious. The new trial judge excused the one juror who was known to be questioning the prosecution's case because of "inability" to believe the testimony of more than one of the state's witnesses.

{¶ 65} Assignment of error six should be sustained because the affirmance by the majority is predicated in large part to the failure of trial counsel to object to various other matters raised by the other five assignments of error. Had the trial counsel made the timely and correct objection, presumably the trial court would not have committed the error.